In the Matter of LOUIS DURR et al., Respondents, against PARAGON TRADING CORPORATION, Appellant.

(Argued March 5, 1936; decided April 14, 1936.)

*I. Maurice Wormser* and *Samuel Mezansky* for appellant. A peremptory mandamus may not issue where the answer of the corporation traverses the petition as to material averments. (*Matter of Poucher* v. *Berry,* 249 N. Y. 16; *People* v. *Rome, W. & O. R. R. Co.,* 103 N. Y. 95; *People ex rel. Port Chester Sav. Bank* v. *Cromwell,* 102 N. Y. 477; *People ex rel. Pumpyansky* v. *Keating,* 168 N. Y. 390; *Matter of Hitchcock,* 149 App. Div. 824; *Matter of Rehe,* 136 Misc. Rep. 136; *Matter of Gaines,* 180 N. Y. Supp. 191; Civ. Prac. Act., § 1319.) A peremptory order of mandamus can only be granted where the right depends on a clear-cut question of law. (Civ. Prac. Act, § 1319.) Reply affidavits are not to be considered, upon an application for a peremptory mandamus, for the

purpose of overcoming denials or defenses in the answer and answering affidavits. (*Matter of Poucher* v. *Berry,* 249 N. Y. 16; *Matter of Haebler* v. *N. Y. Produce Exchange,* 149 N. Y. 414; *Matter of Griffin* v. *Williams,* 168 App. Div. 63; *People ex rel. Del Mar* v. *St. Louis & S. F. R. Co.,* 47 Hun, 543.) Where material allegations of the petition are denied the court should grant an alternative writ. (*Matter of O'Connell* v. *Clark,* 200 App. Div. 606.)

*Andrew J. Dritsas* and *Meyer J. Cantor* for respondents. The courts below correctly decided the application. (*Public Serv. Comm.* v. *Brooklyn Heights R. R. Co.,* 105 Misc. Rep. 254; *Matter of Longacre Electric Light & Power Co.* v. *Consolidated T. & E. S. Co.,* 117 App. Div. 80; 188 N. Y. 361; *Everitt* v. *Teachers' Retirement Board,* 240 N. Y. Supp. 335; 229 App. Div. 857; *Huylow* v. *Craigin Cattle Co.,* 40 N. J. Eq. 392; *Matter of Steinway,* 159 N. Y. 250.) The reply affidavits were properly considered. (*People ex rel. Del Mar* v. *St. Louis & S. F. R. Co.,* 47 Hun, 543; *People ex rel. Ryan* v. *Bingham,* 114 App. Div. 170; *Matter of Flaherty* v. *Craig,* 184 App. Div. 428.)

LEHMAN, J. The Appellate Division has affirmed a peremptory order of mandamus compelling a corporation and its officers, who have the custody of its stock books, books of account and other records and papers of the corporation, to permit the petitioners and their attorney and accountants to inspect and examine the same and to take extracts therefrom. The petition alleges that the petitioners are stockholders of the corporation, and that the directors and officers of the corporation have refused to permit them to examine the books of account of the corporation. These allegations are not denied by the corporation. The petition contains other allegations intended to show that the refusal was due to a desire by the officers and directors of the corporation

to conceal their mismanagement of the corporate affairs and waste of its assets, and that the application was made for the purpose of protecting the legitimate interests of the petitioners as stockholders of the corporation. In its answer the corporation denied these allegations and affirmatively alleged that the application is not made in good faith, but for an ulterior purpose; and the answer is supported by affidavits which also affirmatively allege facts which, if true, would show that the directors had in fact been faithful to their trust and had managed the affairs of the corporation with prudence. The petitioners filed reply affidavits, and upon these papers moved for a peremptory order of mandamus. The motion was granted. Upon this appeal the defendant corporation does not challenge the right of the plaintiff to an alternative order but maintains that since the answering affidavits denied material allegations of the petition, no peremptory order could be granted by the court until the truth of these allegations was established by trial.

This court has repeatedly said that a peremptory mandamus may not issue until the truth of material allegations of the petition which are traversed by the answer have been established upon a trial and that " replying affidavits are not to be considered, upon an application for a peremptory mandamus, for the purpose of overcoming denials or defenses in the answer." (*Matter of Poucher* v. *Berry*, 249 N. Y. 16, 19.) The rule so stated finds its source in the language of the statute: " A peremptory mandamus order may be granted in the first instance where the applicant's right to the mandamus order depends only upon questions of law." (Civ. Pr. Act, § 1319, derived from Code Civ. Proc. § 2070.) The remedy of mandamus, like every other judicial remedy, may be granted only after the suitor has established a right to the remedy. His petition must allege facts which if true would establish that right; otherwise the

sufficiency of the petition may be challenged by motion. If the petition does contain allegations sufficient to constitute a right to such relief, the answer of the defendant may deny these allegations or may allege new matter which would, if sustained by proof, be sufficient to defeat the application. Then an issue of fact arises, which, like issues properly raised in an action, can be determined only after the truth or falsity of the allegations have been established at a trial. (Civ. Pr. Act, §§ 1331 and 1332.)

In such case the sufficiency of the petition, answering affidavits and replying affidavits must be tested substantially as the court would test the sufficiency of pleadings and give effect to them accordingly. So this court has said in similar case: " As no alternative writ was issued and the relator proceeded to argument upon his petition and the opposing affidavits, his right to a peremptory writ depends upon the conceded facts, the same as if he had demurred to the allegations of the defendants." (*Matter of Steinway*, 159 N. Y. 250, 254, 263.) We apply the same test here.

In the same case it was said: " We think that, according to the decided weight of authority, a stockholder has the right at common law to inspect the books of his corporation at a proper time and place, and for a proper purpose, and that if this right is refused by the officers in charge a writ of mandamus may issue, in the sound discretion of the court, with suitable safeguards to protect the interests of all concerned." It is conceded in this case that the petitioners are stockholders and have a right to inspect the books of the corporation for a proper purpose. The only issue between the parties is whether the petitioners are seeking an inspection " for a proper purpose " and whether the court in the exercise of a sound discretion should issue an order of mandamus. Since a peremptory mandamus order may not be granted in the first instance unless " the applicant's right to the

mandamus order depends only upon questions of law," the problem presented in this case is whether upon the conceded facts, in spite of denial of other facts alleged in the petition, the petitioner's " right " to the order issued by the court " depends only upon questions of law " within the meaning of the statute. There can be no doubt that the court might in the exercise of a sound discretion refuse to issue such a mandamus order if the defendants sustained the denials and allegations contained in the answering affidavits. The question is whether the court may grant a peremptory order without affording the defendant an opportunity to sustain these denials and allegations.

A mandamus order may issue only for the enforcement of a clear legal right; and even after such right has been established, the court must determine whether, in the exercise of a sound discretion, it should grant or withhold the order. Denial of an application for the order constitutes an abuse of discretion, as matter of law, in those rare cases, only, where the circumstances leave no possible scope for the reasonable exercise of discretion in such manner; and it is only in such rare case that, in strict sense, an applicant's " right to the mandamus order depends only upon questions of law." An analysis of the provisions of article 79 of the Civil Practice Act, entitled " Mandamus Proceeding," shows that the language of the statute may not, reasonably, be construed as limiting to such cases the power of the court to issue a peremptory mandamus order in the first instance.

That article is not intended to restrict the discretion of the court in granting or withholding an order of mandamus when an applicant has shown a right which the court has power to enforce by mandamus order; but is intended to regulate the proceeding to invoke that discretionary power. When, in such proceedings, a dispute exists as to a fact which must be established before the court can or will exercise its discretion, an issue of

fact arises which " must be tried by a jury, unless a jury trial is waived or a reference is directed by consent of the parties." (Civ. Pr. Act, § 1333.) The jury or referee may not even then make a final order. " Upon the trial of the issue of fact, the verdict, report or decision must be returned to, and the final order thereupon must be made by, the appellate division or the special term, as the case requires." (§ 1334.) The facts established by the verdict, report or decision may still leave scope for the exercise of the court's discretion whether to grant or withhold its order of mandamus, and the jury or referee may not intrude within that field. The court's discretion is not less when the facts which establish the applicant's right to invoke the discretion are undisputed. It would be a futile proceeding to order a trial before a jury of issues raised by denials of allegations of the petition or by affirmative allegations contained in the answering affidavits where in spite of such denials and upon the conceded facts the court might exercise a wise discretion in granting a peremptory order.

The statute may not be construed as requiring an applicant to do a futile act and one which on occasion might defeat his rights, or as depriving the courts of a power approved by experience. The applicant for a peremptory mandamus order is required to establish only facts sufficient to put in motion a discretionary power of the court. His right to such an order of mandamus " depends only upon questions of law " within the meaning of the statute when the conceded facts, in spite of denials of other facts, are as matter of law sufficient for that purpose. Then the court *may* in its discretion grant the peremptory order in the first instance, or *may* in its discretion refuse such order until other facts contained in the petition, but not admitted, are established by finding of a jury or the report of a referee after a trial. The plain purpose of the statute is to preclude the court from passing upon disputed questions of fact without

formal trial. It does not preclude the court from exercising its power to grant a peremptory order of mandamus without awaiting the determination of every issue of fact where sufficient is admitted to justify the peremptory order.

The petitioners as stockholders have a right to examine the corporate books to determine whether the officers of the corporation are properly managing its affairs, even though upon an examination of the books it should appear that in fact there was no mismanagement. In this case the petitioners allege that there has been actual mismanagement by the corporate officers, and this allegation is denied. An examination of the books might be necessary to establish the truth of the petitioners' allegations, and a stockholder's right to examine the corporate books to determine whether there had been corporate mismanagement would often be illusory if a denial of mismanagement by the corporate officers were sufficient to defeat a demand for inspection until mismanagement is conclusively established. So far as such denial leaves unimpaired the force of conceded facts sufficient to show that the examination is sought in good faith for a proper purpose, the allegations which are denied may be disregarded as immaterial. That is true here. In spite of denials and affirmative allegations that the petitioners were seeking an inspection of the books for an ulterior purpose, the conceded facts were sufficient as matter of law to establish a right by the petitioners to invoke the power of the court to grant the mandamus order here under review. In *Matter of Steinway (supra)* this court affirmed a peremptory order granted under similar circumstances, and the rule applied in that case has not been modified by other cases cited by the appellant.

The order should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Order affirmed.