In the Matter of the Application of NORTH SHORE CIVIC ALLIANCE, INC., Petitioner, for a Mandamus Order against WILLIAM G. FULLER, as Transit Commissioner, Respondent.

Supreme Court, Special Term, Queens County, April 12, 1937.

*Michael F. Meyerowitz*, for the petitioner.

*George H. Stover*, for the respondent.

KADIEN, J. This is an application for a mandamus order compelling the Transit Commission of the State of New York to forthwith enforce its resolution and order adopted on March 16, 1932. This resolution required and directed the Interborough Rapid Transit Company to make the necessary track changes and equip the same with automatic signals and train-stopping devices, to fully, completely and adequately equip and prepare the third track for traffic in both directions between the Queensborough Plaza station and Flushing Main Street station, for the operation of express service trains in either direction. The Interborough Rapid Transit Company was further directed to provide fifty steel motor cars and additional power facilities in order to inaugurate the said express service.

Shortly after the adoption of this resolution and order, the United States District Court appointed equity receivers for the Interborough Rapid Transit Company, who thereupon became vested with the possession and control of the property, assets and interests of the said company. It appears that the Transit Commission has been constantly engaged in attempting to solve the Flushing express problem and that it, at no time, arbitrarily refused to carry out the terms of the order.

On February 3, 1937, upon application made by the receivers, the United States District Court, by an order, authorized and directed

the receivers to comply with the respondent's resolution and order. It further appears that the city of New York, through its proper boards, is now proceeding with its share of the work so that the commission's order and resolution may be complied with. It, therefore, follows that the issuance of an order of mandamus, at this time, even if warranted, would be unnecessary.

"Furthermore, mandamus is an extraordinary remedy and the judiciary is loathe to interfere with the executive department of the government in the exercise of its official duties, unless some specific act or thing which the law requires to be done has been omitted." (*Matter of International Railway Co.* v. *Schwab*, 203 App. Div. 68.) "The interference of the Supreme Court with the details of municipal administration is not to be encouraged." (*People ex rel. Clapp* v. *Listman*, 40 Misc. 372.) "A mandamus order may issue only for the enforcement of a clear legal right; and even after such a right has been established, the court must determine whether, in the exercise of a sound discretion, it should grant or withhold the order." (*Matter of Durr* v. *Paragon Trading Corporation*, 270 N. Y. 464.)

This court will not interfere with the functions of the Transit Commission, since it does not clearly appear that it has been either neglectful in its duties, arbitrary in its conduct or ignorant of the needs and rights of the commuters of Queens. On the contrary, it is apparent that at the present time the establishment of the express system sought by the petitioners is in the process of becoming a reality. Motion denied.