In the Matter of Louis Baker et al., Respondents, against Macfadden Publications, Inc., Appellant.

Louis Baker et al., Suing on Behalf of Themselves and All of the Stockholders of Macfadden Publications, Inc., Similarly Situated, Appellants-Respondents, *v.* John H. Boord et al., Defendants, and Macfadden Publications, Inc., Respondent-Appellant.

First Department, February 8, 1946.

*Thomas H. Pinney* of counsel (*Albert R. Jube* and *John J. Jansen* with him on the brief; *Chamberlin, Kafer, Wilds & Jube,* attorneys), for appellant, and respondent-appellant.

*Israel Beckhardt,* attorney for respondents, and appellants-respondents.

PECK, J. Plaintiffs appeal from an order requiring them to post security under section 61-b of the General Corporation Law, and defendant Macfadden Publications, Inc., appeals from so much of the order as permits plaintiffs to make application to vacate the order in the event they effect a joinder in the action of stockholders holding 5% of the outstanding shares of any class of stock of the corporation or shares having a market value in excess of $50,000. Defendant corporation also appeals from an order under article 78 of the Civil Practice Act, granting plaintiffs' motion for an examination of the list of stockholders of the corporation.

The action is a derivative stockholders' action. Plaintiffs own approximately 4/1000ths of 1% of the stock of the corporation,

having a market value at the time of the commencement of the action of about three hundred and fifty dollars. The corporation moved for security under section 61-b of the General Corporation Law, and the plaintiffs thereupon moved for an inspection of the stock book of the corporation, stating that they desired " to communicate with all of the stockholders of the defendant for the purpose of advising them of the pendency of said derivative action, of the allegations of the complaint therein and to invite them to participate in the action so that more than $50,000 in value of the defendant's stock may be represented in said action and thereby to avoid the necessity of posting security which will undoubtedly be prohibitive in amount.'' This motion was granted at the same time as the corporation's motion for security.

Plaintiffs' appeal from the security order raises only the question of the constitutionality of section 61-b of the General Corporation Law. Defendant's appeals raise questions of the permissibility of including in a security order a provision for vacating the order on joinder in the action of additional stockholders, bringing the amount of stock held by plaintiffs up to $50,000 in market value, and the permissibility of granting plaintiffs an order for the inspection of stock lists, after the institution of the action and award of security, for the purpose of enabling them to solicit and enlist enough additional stockholders as plaintiffs to avoid the security order.

This court has previously upheld the constitutionality of section 61-b of the General Corporation Law (*Shielcrawt* v. *Moffett,* 268 App. Div. 352, reversed, without passing upon the constitutionality of the section, on the ground that the statute had no retroactive effect, 294 N. Y. 180). On plaintiffs' appeal, we adhere to our holding in *Shielcrawt* v. *Moffett* (*supra*), that the statute is constitutional.

Section 61-b provides that in any action instituted or maintained in the right of a corporation by holders of less than 5% of the outstanding shares of any class of the corporation's stock, unless the shares held by such holders have a market value in excess of $50,000, the corporation shall be entitled at any stage of the proceedings before final judgment to require the plaintiffs to give security for the reasonable expenses which may be incurred by the corporation in connection with such action. The section further provides that the amount of such security may thereafter from time to time be increased or decreased in the discretion of the court having jurisdiction of such action upon a showing that the security provided has or may become inadequate or is excessive.

We find no authority in this section for the vacation of a security order once granted, upon a subsequent joinder in the action of additional stockholders bringing the amount of stock represented by the plaintiffs up to 5% of the outstanding shares of any class of the corporation's stock or up to a market value of $50,000. The only authority for change in the security ordered is for an increase or decrease of the amount of the security in relation to a showing that the security required is inadequate or excessive. We do not believe it was intended that a security order should rise or fall with the market in the corporation's stock or plaintiffs' stockholdings. The time for determining the right of the corporation to security is when the action is instituted or when the motion for security is made. When the corporation's right to security is once determined and an order granted, the right is fixed and is not subject to defeasance by a change in the amount of stock that may subsequently be joined in the action. It is subject only to an increase or decrease in the amount of the security as it may subsequently prove to be inadequate or excessive in relation to the expenses of the corporation to be secured. That part of the security order, therefore, which provides that plaintiffs may move to vacate the order upon a subsequent joinder of additional stockholders may not be sustained.

As the order for an examination of the stock book was sought and granted only in aid of the invalid provision of the security order, it must also be vacated. While section 10 of the Stock Corporation Law gives stockholders the right to inspect the stock book of a corporation, the court may consider the purpose of such an examination on an application for an order under article 78 of the Civil Practice Act, and may, in its discretion, deny such an application where the purpose is not consonant with law, the business of the corporation or good faith. (*Matter of Coombs* v. *Edwards,* 280 N. Y. 361, 364; *Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464, 469.) As the purpose here of soliciting stockholders to join as plaintiffs to vacate a security order is untenable as a matter of law, the examination should be denied.

The order granting the petitioners' motion for an examination of the stock book of the defendant corporation should be reversed, with $10 costs and disbursements to the appellant, and the motion denied. The order granting the defendant corporation's motion for security should be modified by deleting therefrom the provisions relating to the joinder of additional stockholders as parties plaintiff and as so modified affirmed, with

$10 costs and disbursements to the defendant Macfadden Publications, Inc.

COHN, J. (dissenting). Insofar as the constitutionality of section 61-b of the General Corporation Law is upheld, I agree that this court is bound by its decision in *Shielcrawt* v. *Moffett* (268 App. Div. 352). However, in all other respects, I dissent from the majority opinion.

The provision of the order in the action granting plaintiffs permission to vacate the order for security if within sixty days additional stockholders joined plaintiffs to a number sufficient to meet the requirements of the statute, was proper and in accord with the purpose of section 61-b. It was not the intent of the Legislature to withhold from an owner of small stock interest, a fair opportunity to show merit in his law suit by obtaining the joinder of other stockholders so as to reach the minimum standard set forth in the law. The statute is as fully met by such joinder of additional shareholders after the institution of the action as it would be by a joinder prior to its institution. The disposition made at Special Term, in the light of all the circumstances, is a wholly reasonable one and carries out the spirit of the legislation as indicated in Governor Dewey's memorandum appproving the bill, in which he said: '' Even if the stockholder owns only a tiny percentage or only $5.00 worth of stock, it still should be simple to bring an action without putting up security. *If his action has any merit at all, it should be easy enough to interest others who do hold at least 5%, or stock valued at $50,000.*'' (Emphasis ours.)

The order in the special proceeding granting an examination of defendant's stock book was also proper. In addition to the common-law right given to a stockholder in a proper case to compel the inspection of the general books of the corporation, by statute an absolute right is given to inspect the stock book. (Stock Corporation Law, § 10; *Matter of Steinway*, 159 N. Y. 250, 264; *People ex rel. Rottenberg* v. *Utah Gold & Copper M. Co.*, 135 App. Div. 418, 419; *People ex rel. Callanan* v. *K., etc., R. R. Co.*, 106 App. Div. 349, 350–351.) It is not denied here that petitioners are qualified stockholders and that a demand upon the corporation's directors for the inspection was made, which met with a refusal. The examination desired did not encompass '' a business or object other than the business of the corporation ''. (Stock Corporation Law, § 10.) A stockholder should not be denied the statutory right to examine the stock book of his own company where the avowed purpose of the examination

is to interest other stockholders in commencing, or participating in, a derivative suit designed to seek redress on behalf of the corporation for alleged malfeasance by its directors. Upon the conceded facts the right to the order was clear. (*Matter of Steinway, supra; Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464, 471.)

The orders should be affirmed.

MARTIN, P. J., and TOWNLEY, J., concur with PECK, J.; GLENNON and COHN, JJ., dissent and vote to affirm both orders, in opinion by COHN, J.

Order granting petitioners' motion for an examination of the stock book of the defendant Macfadden Publications, Inc., reversed, with $10 costs and disbursements to the appellant, and the motion denied. Order granting the defendant corporation's motion for security modified by deleting therefrom the provisions relating to the joinder of additional stockholders as parties plaintiff and as so modified affirmed, with $10 costs and disbursements to the defendant Macfadden Publications, Inc. Settle orders on notice. [See *post*, p. 840.]