26 So.2d 907

**HUTSON et al. v. BROWN.**

**8 Div. 350.**

Supreme Court of Alabama.

June 13, 1946.

Rehearing Denied Aug. 2, 1946.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

S. A. Lynne, of Decatur, for appellants.

216

BROWN, Justice.

This appeal is from a judgment of the County Court of Morgan County awarding a peremptory writ of mandamus to the respondent, appellants here, commanding them and each of them to allow petitioner or such agents as petitioner may appoint in writing, to examine the books, records and papers of the Mutual Service Funeral Homes Company, a corporation, at reasonable times.

■ The statute conferred on stockholders of the corporation, "The right of access to; and of inspection and examination, in person or by agent, of the books, records, and papers of the corporation at reasonable and proper times." Code of 1940, Title 10, § 34. This right is not without qualifications. It is well settled that this right cannot be exercised for improper or unlawful purposes, detrimental to the corporation, and its other stockholders. Burns v. Drennen, 220 Ala. 404, 125 So. 667.

The evidence shows that petitioner's stock was properly transferred on the books and he attended and participated in a meeting of the stockholders, participated in the adoption of by-laws, and a resolution not to pay dividends until all debts were liquidated.

The evidence shows that the petitioner and the corporation were competitors in the business of mortician. That the petitioner acquired from a dissatisfied stockholder a block of the stock in the corporation for a price greatly less than its par value and paid for it with goods and chattels such as were used by morticians in the burial of the dead, to enable the seller to engage in such business, and refused to sell the stock although offered a price that would have netted a forty percent profit.

Petitioner demanded of the respondents a financial statement which was furnished, the evidence going to show that two such statements were furnished, and petitioner then displayed to an employe of the corporation said statement, with the assertion that the corporation was insolvent and could not continue in business but a short time; that such employe or agent had better get him another job; that he, petitioner, as a stockholder was not going to allow the corporation to purchase equipment to continue its business. Petitioner also exhibited these statements to third persons, engaged in like business in competition with the corporation, with the assertion that said statement was bad and that the corporation would soon go out of business, or words to that effect.

These acts and statements of the petitioner were communicated to the respondents, who thereupon refused to allow him to make a personal inspection of the books and records of the corporation or to have an auditor make such examination and statement.

■ After reading and considering the evidence in consultation, we are at the conclusion that the material and controlling facts are established without dispute, that the demand for examination and audit of the books was not made bona fide for lawful purposes but for the purpose of annoying the corporation and its officers, and crippling and destroying the petitioner's competitor and its business. Bowling v. The State, 204 Ala. 405, 85 So. 500; Marsh v. Elba Bank & Trust Co., 205 Ala. 425, 88 So. 423; Scott v. McGriff, 222 Ala. 344 [346], 132 So. 177.

The judgment of the county court is reversed and one here rendered denying the writ and dismissing the petition, at the cost of the appellee.

Reversed and rendered.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.