In the Matter of the Application of DOROTHY A. JOSLYN, Petitioner. UNIVERSAL LABORATORIES, INC., et al., Respondents.

Supreme Court, Special Term, New York County, March 11, 1948.

*Geller & Saslow* for petitioner.

*Archibald Palmer* for Universal Laboratories, Inc., respondent.

*White & Case* for Bankers Trust Company, respondent.

MILLER, J. The first and second defenses in the answer of Universal Laboratories, Inc., hereinafter referred to as the "Corporation" and the first defense in the answer of the transfer agent are founded upon an erroneous interpretation of section 113 of the Stock Corporation Law. The provision of that section permitting inspection by a stockholder of record for at least six months immediately preceding his demand does not require that the inspection be made by the stockholder *personally.* Such a construction would unduly penalize a crippled or blind stockholder unable to make the inspection himself, as it would a stockholder living at a great distance from the location of the stock transfer books. The inspection may be made by the lawfully authorized agents of the stockholder.

There is nothing in the further language of the section to justify the respondents' construction of the statute. That language was intended merely to permit one who was a stockholder of record for less than six months to obtain an inspection if he held at least 5% of the outstanding shares in his own right, or if his holdings together with those of others who authorized him in writing to demand an inspection totaled at least 5% of the outstanding shares.

The third defense in the corporation's answer is also insufficient. It alleges that subdivision (a) of section 80a–20 of title 15 of the United States Code requires the consent of the Securities and Exchange Commission before proxies may be solicited and that the making of the instant application for the inspection of the stock transfer book is therefore premature. Subdivision (a) applies, however, by its terms, only to solicitation of proxies by an "investment company" and it is clear

that the corporation is not an investment company as that term is defined in section 80a-3. The applicable statute appears to be section 78n, which makes it unlawful to solicit proxies in contravention of the rules and regulations of the Securities and Exchange Commission. Regulation X-14 of the Securities and Exchange Commission merely prescribes the form of the proxy and regulates the other material proposed to be submitted to stockholders and requires the filing of the proxy statement and form of proxy and other soliciting material with the commission at least ten days prior to the distribution thereof to stockholders. It is no defense to the instant proceeding to obtain the names of stockholders that the proxies and accompanying material hereafter to be sent to stockholders must comply with the rules and regulations of the Securities and Exchange Commission. It may not be assumed that they will not so comply, not to mention the fact that if they do not it is for the Securities and Exchange Commission to take appropriate action. Even if the consent of the Securities and Exchange Commission were required before proxies could be solicited, that would not be a defense, for the obtaining of such consent is not a condition precedent to the maintenance of a proceeding under section 113 of the Stock Corporation Law. The statute does not contain any such limitation upon the right to an inspection of the stock transfer book, nor should any such restriction be read into the statute. The court would not be entitled to assume that the consent would not be procured.

The remaining defense, contained in both answers, is that the application is not made in good faith but solely for the purpose of enabling petitioner to communicate with other stockholders in an endeavor to induce them to participate in a derivative action commenced in this court and thus avoid the necessity of giving security for costs. In *Matter of Baker* v. *Macfadden Publications* (270 App. Div. 440) the court declared that (p. 443) " The time for determining the right of the corporation to security is when the action is instituted or when the motion for security is made " and that " when the corporation's right to security is once determined and an order granted, the right is fixed and is not subject to defeasance by a change in the amount of stock that may subsequently be joined in the action." Accordingly, since the sole purpose of plaintiff's motion for an examination of the list of stockholders was to enable them to get other stockholders to join in the action and thus, as they erroneously believed, make unnecessary the furnishing of security, the Appellate Division reversed the order granting

the motion to examine the stockholders' list. The court said (p. 443): "As the order for an examination of the stock book was sought and granted only in aid of the invalid provision of the security order, it must also be vacated. * * * As the purpose here of soliciting stockholders to join as plaintiffs to vacate a security order is untenable as a matter of law, the examination should be denied." In the instant case no motion for security for costs has yet been made. If the time for determining the corporation's right to such security is the time when the motion is made, then it is perfectly proper that petitioner be permitted to ascertain who her fellow stockholders are so that she may be given an opportunity of inducing sufficient of them to join in the action to defeat the motion for security for costs which the corporation admittedly intends to make (see page 3 of affidavit of Palmer, sworn to March 4, 1948). If, on the other hand, the determinative time is the date of the commencement of the action (see *Noel Associates* v. *Merrill,* 184 Misc. 646; see, also, *Weinstein* v. *Behn,* 68 N. Y. S. 2d 199), then the defense would be good as a matter of pleading, for it alleges that the *sole* purpose of the desired inspection is to avoid giving the security required by section 61-b of the General Corporation Law.

It is unnecessary, however, for the purposes of the present application to determine which is the determinative date, for even if it be the date of the commencement of the action the motion should, nevertheless, be granted. True it is that, if the *sole* purpose of the desired inspection were to avoid giving security, a holding that the date of the commencement of the action controls the corporation's right to security would require denial of the motion on the authority of *Matter of Baker* v. *Macfadden Publications* (270 App. Div. 440, *supra*). In the instant case, however, petitioner disclaims any such purpose and as proof of this disclaimer offers to stipulate that the stockholders' list, if submitted to her inspection, will not be used in aid of such alleged purpose. (A stipulation of this kind, it should be observed, would be difficult, if not impossible, to enforce.) Petitioner maintains that she desires to know the identity of the other stockholders only for the purpose of enlisting their aid in ousting the present board of directors at the next annual election. Petitioner seeks "the same opportunities and advantages in the solicitation of proxies as are possessed by the self-designated Gotthilf management." Nothing in the answering papers even tends to disprove the petitioner's claim as to the purpose of her proposed inspection.

The burden is not on the stockholder "affirmatively to show his good faith" (*Matter of Tate* v. *Sonotone Corp.*, 272 App. Div. 103, 105). Mere denials by a corporation of charges of mismanagement are insufficient to defeat a motion for an inspection *even of the books of account* (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464, 471). This is not a case such as *Matter of Schulman* v. *Dejonge & Co.* (270 App. Div. 147) where the inspection was refused because its purpose was (p. 149) "to supply knowledge of the inner workings and details of a corporation's business to a competitor" and "to embarrass the corporation", nor do the facts here resemble those in *Matter of Tate* v. *Sonotone Corp.* (*supra*) where the petitioner was actuated by "disinterested malevolence" (p. 105). The good faith of petitioner's claim that the object of the inspection is to attempt by proxy solicitation, etc., to oust the present board of directors is not impugned in the slightest by any evidence submitted by respondents. A motion of this character is similar to a motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice (*Matter of Ackerman* v. *Kern*, 256 App. Div. 626, 630, affd. 281 N. Y. 87; *Matter of Doherty* v. *McElligott*, 258 App. Div. 257, 260) and the opposing affidavits must therefore set forth evidentiary facts raising a triable issue as to petitioner's good faith — unsupported charges and assertions are not enough.

It is to be noted that the corporation can in no way be prejudiced if it be the fact that petitioner seeks the inspection partly or solely for the purpose of avoiding the necessity of furnishing security, even if the determinative date is the time the action was commenced. In that case it would do petitioner no good to obtain the stockholders' list for the joinder of additional stockholders would not obviate the necessity of giving security. (*Matter of Baker* v. *Macfadden Publications* (*supra*) has no application because although there the corporation could not have been prejudiced by the inspection, it would admittedly have been futile and a waste of time, since its sole object, viz., the avoidance of security by joinder of stockholders, could not be attained by such joinder.

For the reasons indicated the motion for an inspection of the stock book is granted. It is accordingly unnecessary to pass upon the sufficiency, for pleading purposes, of the various defenses, although what has heretofore been said indicates that the only defenses which may be good, from a pleading standpoint, are the fourth defense in the corporate answer and the second defense in the answer of the transfer agent. Settle order.