93 So.2d 515

**ALABAMA GAS CORPORATION et al.**

v.

Hugh MORROW, Jr.

6 Div. 64.

Supreme Court of Alabama.

March 7, 1957.

Dumas, O'Neal & Hayes, Sirote, Parmutt, Friend & Friedman, and Chas. Morgan, Jr., Birmingham, for appellee.

White, Bradley, Arant, All & Rose, Birmingham, for appellants.

LAWSON, Justice.

Hugh Morrow, Jr., is a stockholder and director of Alabama Gas Corporation, an Alabama corporation, whose common (voting) stock is listed and registered on the American Stock Exchange, which is a national securities exchange within the meaning of the federal Securities Ex-

change Act of 1934, § 78a et seq., Title 15, U.S.C.A., and is so registered.

On May 8, 1956, and at various times thereafter prior to the commencement of this action, Morrow made demand upon the appropriate officers of Alabama Gas Corporation to give him access to the books and records of the said corporation which show the names and addresses of its stockholders so that he, Morrow, might communicate with other stockholders.

Such demands being consistently refused, Morrow on May 24, 1956, filed his petition against the Alabama Gas Corporation; its President, Richard A. Puryear, Jr.; its Board Chairman, J. N. Greene; its Secretary, P. E. Behr; and against its Treasurer, N. R. Kerredge, wherein he prayed that peremptory writs of mandamus issue to the individual respondents commanding them to grant to him access to and the right of examination and inspection of the books and records of Alabama Gas Corporation showing the names and addresses of its stockholders, and the right to make extracts therefrom at reasonable and proper times.

From a judgment awarding the peremptory writs substantially as prayed, the respondents below have prosecuted this appeal.

The right of a stockholder to inspect and examine the books and records of a private corporation is declared by statute, § 34, Title 10, Code 1940, which reads: "The stockholders of all such corporations have the right of access to, and of inspection and examination, in person or by agent, of the books, records, and papers of the corporation at reasonable and proper times."

This statute, which has continued in force for many years without material change, has been construed and applied by this court in several cases. We will here merely reannounce a few of the settled rulings concerning that statute.

■ The statute is not merely a reenactment of the common law on the subject. It enlarges the right and removes certain common law restrictions tending to embarrass exercise of the right, rendering it consistent and coextensive with the stockholder's right, as a common owner of the property, books and papers of the corporation and, at the same time, consistent with the duties and obligations of the managing officers, as agents and trustees.

■ The only limitation expressed in the statute is that such right be exercised "at reasonable and proper times." However, an implied limitation is that it shall not be exercised from idle curiosity or for improper or illegal purposes. See Hutson v. Brown, 248 Ala. 215, 26 So.2d 907.

■ Mandamus is the recognized remedy if a demand for access to the records at reasonable and proper times is denied by the officers having custody and control thereof.

■ The petition for mandamus where the corporation, is an Alabama corporation need only disclose the relation of stockholder, a proper demand and refusal.

■ The officers refusing the exercise of this right by the stockholder on the ground of mere curiosity, or because of some improper or unlawful purpose of the stockholder, have the burden of establishing such ground of refusal.

See Loveman v. Tutwiler Inv. Co., 240 Ala. 424, 199 So. 854, and the cases there cited.

The appellants, the respondents below, in their answer or return to the alternative writ, set up a defense in substantially the following language. The law of Alabama, § 34, Title 10, Code 1940, in so far as it deals with the right of access to stock lists of corporations whose voting securities are registered on a national securities exchange, has been superseded by federal law, § 78n(a), Title 15, U.S.C.A.; Regulation X-14, Rule X-14A-7, of the federal Securities Exchange Commission, where

the purpose of demanding access to the stock lists of such corporations is to secure proxies from other stockholders.

The trial court rejected that defense and as above indicated ordered the issuance of the peremptory writs after finding, among other things, that Morrow's chief motive in demanding access to the stock lists was to solicit proxies from other stockholders to be used in a proxy contest between management on the one hand and Morrow and Lewis J. Odess on the other. However, the trial court further found: "Neither at the time of petitioner's [Morrow's] demand did he intend, nor has he since intended, nor does he now intend to make solicitation without compliance of Regulation X-14 (January 1956) of the Securities and Exchange Commission and other conditions precedent to the making of lawful solicitation."

The appellants contend that the trial court erred in rejecting the defense of federal preemption and in support of that contention cite a number of decisions of the Supreme Court of the United States wherein that court has held invalid or inoperative state statutes dealing with subjects which that court considered had been preempted by federal legislation. It would serve no useful purpose here to engage in a detailed discussion of those cases, as none of them deal with the statutes and regulations of instant concern, or to attempt to set out in this opinion what we understand to be the test prescribed by the United States Supreme Court for determining whether given federal legislation has preempted a field so as to supersede state legislation.

█ █ It is our view that the provisions of § 78n(a), Title 15, U.S.C.A., which makes it unlawful to solicit proxies in contravention of the rules and regulations of the Securities and Exchange Commission, and the applicable Regulations and Rules promulgated thereunder, should not be construed as depriving a stockholder of rights given to him by § 34, Title 10, Code 1940,

which section does not in any way relate to the manner of soliciting proxies. We do not consider it to be a defense to the instant proceeding, which merely seeks to obtain the names of stockholders that the proxies and accompanying material which may be hereafter sent out to stockholders may have to comply with the rules and regulations of the Securities and Exchange Commission. Application of Joslyn, 191 Misc. 512, 78 N.Y.S.2d 183, affirmed Joslyn v. Universal Laboratories, 273 App.Div. 945, 78 N.Y.S.2d 923; Application of Ditisheim, Sup., 96 N.Y.S.2d 622; Smith v. Republic Pictures Corp., Sup., 144 N.Y. S.2d 142, affirmed 286 App.Div. 1000, 145 N.Y.S.2d 311; Belknap v. Lock Steel Chain Co., (unreported), Superior Court, Fairfield County, Conn. See Howard v. Furst, D.C., 140 F.Supp. 507. As shown above, the trial court found that Morrow would so comply.

We hold that the trial court did not err in rejecting the defense of federal preemption.

█ Based upon the assumption that state law, § 34, Title 10, Code 1940, governs this case, the respondents below asserted that the peremptory writ should not issue for the reason that in a meeting of the Board of Directors of the defendant corporation Morrow voted in favor of a resolution whereby the corporation was required to mail to its stockholders certain material which Morrow submitted after complying with certain requirements of the federal Securities and Exchange Commission. This action on the part of Morrow, the respondents contended constituted a waiver of his right to proceed under § 34, Title 10, supra.

We cannot agree. The record before us clearly shows that in voting for the resolution referred to above Morrow was pursuing the only course open to him prior to the forthcoming meeting of the Board of Directors. That he did not intend to waive his rights under state law by voting for that resolution is clearly evidenced by the

fact that immediately after that resolution was adopted he offered a resolution calling upon the management to permit him to view the stock lists, which resolution failed of passage.

We are not here concerned in any way with the merit or lack thereof of the position taken by management or by Morrow and his associates in what is obviously a fight for control of the Alabama Gas Corporation. We simply hold that from the record before us it appears that the trial court correctly ordered the individual respondents to accord to Morrow the rights given to him by the law of this state, which we do not think has been superseded by federal legislation or regulation and which rights we do not construe the record as showing to have been waived by Morrow.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY, and MERRILL, JJ., concur.