WOOD, WALKER & CO., a Partnership, by John C. Tilney, Individually and as a Partner of Wood, Walker & Co., Laidlaw & Co., a Partnership, and Henry H. Patton, Plaintiffs,

v.

Fred M. EVANS, F. A. Thurman, Paul Dougan, and Equity Oil Company, a Colorado corporation, Defendants.

Civ. A. No. C–1376.

United States District Court
D. Colorado.

April 16, 1969.

Hindry, Erickson & Meyer, by W. H. Erickson, Denver, Colo., for plaintiffs.

Winner, Berge, Martin & Clark, by Fred M. Winner, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This matter is before the Court on plaintiffs' request for a mandatory injunction requiring the defendants to allow inspection and copying of the record of shareholders of Equity Oil Company (hereinafter referred to as Equity). Due to the exigencies of the situation, the Equity shareholders' meeting being scheduled for May 10, 1969, hearing and determination of the request have been expedited by both Court and counsel. Jurisdiction is premised upon diversity of citizenship and the requisite amount in controversy. The substantive basis of the claim is Colo.Rev.Stat.Ann. § 31–5–17 (1963) which provides for shareholder inspection and copying of shareholders lists. The present posture of the case leaves but one broad question to be decided—the effect of the federal securities statutes and regulations, particularly 17 C.F.R. § 240.14a–7 (1968) (hereinafter referred to as rule 14a–7), upon the state law right to inspect and copy the shareholders list.

The mode of relief sought is unchallenged and the basic facts are undisputed. Plaintiffs properly requested that they be allowed to inspect and copy the shareholders list of Equity. The stated purpose of the request is to enable

the said Laidlaw & Co., Henry H. Patton, and John S. Tilney to ascertain the identity and address of the stockholders of Equity Oil Company, so that these stockholders may be contacted and consulted with respect to the voting of their shares in the election of directors of the company and to further ascertain their collective opinion as it relates to the present and past conduct of the business by the company acting through its officers and directors.

On April 3, 1969 this request was refused. Also on April 3, 1969, plaintiff Patton, on behalf of the Stockholders' Committee for Better Management of Equity Oil Company, requested that Equity, as required by rule 14a–7, mail out certain proxy materials for the committee or provide a shareholders list. On April 9, 1969 Equity replied that such mailing would be made upon submission of the materials and, since Patton does not appear as a security's holder in the corporate record, proof of his stock ownership. Additionally, it is established that Equity is a Colorado corporation subject to the federal securities laws.

Defendants concede that plaintiffs' request for inspection and copying is in all respects proper under Colo.Rev.Stat.Ann. § 31–5–17 (1963) and that plaintiffs are entitled to the relief sought if state law alone is considered. Defendants' position is, however, that consideration cannot be confined to state law alone; they argue that plaintiffs cannot utilize the state law right of inspection for the stated purposes because of the effect of rule 14a–7 of the Securities and Exchange Commission and, in addition, plaintiffs' action under that rule. Three contentions are raised regarding the influence of federal law.

## I.

Defendants contend that if the state law right of inspection and rule 14a–7 can coexist regarding a corporation subject to federal securities regulation, plaintiffs have elected to follow the federal law procedures of rule 14a–7, are bound to that election, and thus cannot now seek to invoke the state right. We find this contention without merit. No authority has been cited in support, no compelling arguments have been advanced, and we perceive nothing in the nature of the situation calling for imposition of an election requirement. Furthermore, even were some notions of election applicable, defendants' argument that plaintiffs are bound to an election of the federal procedures is particularly inapposite since it appears that the request based on state law was made prior to the letter invoking rule 14a–7.

## II.

Defendants contend that the federal statutes and regulations have preempted the field and state law is therefore inoperative to give plaintiffs that which they cannot obtain under federal law. The particular provision relied upon as preempting state law on shareholders lists, at least when a purpose behind seeking such lists is a proxy contest, is rule 14a–7. This rule provides in substance that when management has made or intends to make a solicitation, they must also mail the proxy materials of an opposing security holder or, at managements' option, provide a shareholders list. Defendants' argument is that this federal rule leaving management the option of mailing or providing a list preempts state law giving a right to inspection and copying of the shareholders list.

While we find considerable substance in defendants' position, we conclude that the federal securities laws and rule 14a–7 in particular do not preempt the field of access to shareholders lists and that Colo.Rev.Stat.Ann. § 31–5–17 (1963) is here properly available to plaintiffs to

allow their inspection and copying of the shareholders list of Equity. This result accords with what appears to be the generally held view of nonjudicial authorities in the field. See, e. g., 2 L. Loss, Securities Regulation 890 n. 143 (1961), stating that "[t]he SEC rules, particularly Rule 14a–7, do not preempt the field * * * so as to deprive a security holder of whatever right of inspection he has under state law." While there appear to be no federal court precedents on the precise point, the state courts to have passed on the question agree that federal preemption is not applicable. See Alabama Gas Corp. v. Morrow, 265 Ala. 604, 93 So.2d 515 (Ala. 1957); Application of Joslyn, 191 Misc. 512, 78 N.Y.S.2d 183 (Sup.Ct. 1948).

Defendants have advanced two cases, Studebaker Corp. v. Gittlin, 360 F.2d 692 (2d Cir. 1966), and Greater Iowa Corp. v. McLendon, 378 F.2d 783 (8th Cir. 1967), as being dispositive of the question. We do not agree. In *Gittlin* an injunction was sought against the use of shareholder authorizations in a state court proceeding to compel disclosure of a shareholders list. The court upheld the granting of an injunction on the ground that the obtaining of such authorizations was a solicitation subject to the federal proxy rules and these authorizations were obtained in violation of those rules. In *McLendon* the court found that the solicitation of membership in a voting trust came within the federal proxy rules.

While both cases indicate an expansive application of the federal proxy rules, neither holds upon the point here in issue and neither demands that state corporate law be completely supplanted. Indeed, in *McLendon* the court stated that "[t]he disclosure of stockholders list is left to state law * * *." 378 F.2d at 798. Furthermore, it might be argued that an implicit assumption of the *Gittlin* case is the continued viability of state law as a means of getting the shareholders list.

In finding whether a federal law preempts state law it is, of course, essential to determine whether the state law impedes the congressional purpose. In this case, we find no conflict of policy or interest. Since rule 14a–7 itself provides for the optional giving of a shareholders list, it is evident that federal law does not regard so doing as intrinsically bad. We do not regard the management option and state right as being in conflict and we are unable to envision any frustration of congressional purpose resulting from the continued availability of the state law right of inspection. Thus, we conclude there is no federal preemption.

### III.

■ Defendants' final contention is that, even if there is no preemption, where the purpose of seeking the shareholders list is to violate the federal proxy rules, the purpose is necessarily improper under the state statute. While this seems to be a valid abstract proposition, it cannot provide a basis for denial of injunctive relief here. No facts before the Court indicate that plaintiffs have violated or will violate the federal proxy rules. Should such violations occur or appear imminent, they can be appropriately dealt with at that time. Defendants' mere prediction will not suffice.

It is therefore

Ordered that plaintiffs' request for a mandatory injunction be and hereby is granted and defendants are hereby ordered not to refuse to allow plaintiffs, or their agents or attorneys, to inspect and copy the record of shareholders of Equity Oil Company and the daily transfer sheets up to the record date of the annual shareholders' meeting of Equity Oil Company at any time during the normal business hours of the office in which such records are kept.