The HILLHAVEN CORPORATION,
Appellant,

v.

The STATE of Tennessee ex rel. MAN-
OR CARE, INC., et al., Appellees.

Supreme Court of Tennessee.

April 28, 1978.

Robert M. Johnson, Memphis, Robert C. Hendon, Jr., Nashville, for appellant; Canada, Russell & Turner, Memphis, Waller, Lansden, Dortch & Davis, Nashville, of counsel.

Charles F. Newman, Charles G. Burr, Memphis, for appellees; Burch, Porter & Johnson, Memphis, Kramer, Lowenstein, Nessen, Kamin & Soll, New York City, of counsel.

OPINION

HARBISON, Justice.

Appellees, as minority stockholders in the Hillhaven Corporation, instituted this action in the Chancery Court of Shelby County as a petition for mandamus, seeking to enforce their right to inspect the books and records of the corporation and to obtain a list of shareholders, pursuant to T.C.A. § 48–717. Appellees alleged that they collectively owned fewer than five percent of the outstanding shares and that they had held their shares for less than six months. Their complaint alleged, however, that they sought the list of shareholders in order

"to communicate to the shareholders of the defendant corporation an offer to purchase shares of the defendant corporation."

Exhibited to the complaint was a recent letter setting forth their demand for this information, which, it was alleged, had been refused.

An alternative writ of mandamus was issued, requiring the appellant corporation to make available the requested information or to show cause why this should not be done. Appellant filed an unsworn answer,[1] admitting stock ownership by appellees and admitting their alleged purpose and their prior demand. In its answer, however, the company alleged that appellees were seeking the shareholders list for an improper purpose, and that their purchase offer violated certain state and federal regulatory statutes. The answer alleged that appellees were engaged in a fraudulent and illegal scheme to acquire control of appellant. Attached to the answer was a copy of a civil complaint filed by the appellant against appellees in a federal district court in another state. Appellant specifically alleged that appellees had failed to comply with the Tennessee Investor Protection Act, T.C.A. §§ 48–2101 et seq.

Upon the filing of the answer, appellees moved for a peremptory writ of mandamus, alleging that the answer of appellant failed to show good cause for withholding the requested corporate records.

Evidently a hearing was held before the Chancellor upon these pleadings. In their briefs counsel state that the matter was argued extensively. However, very little evidence was introduced by either side, nor were there any written stipulations of fact. Appellant filed a brief affidavit from a corporate officer, setting out the location and approximate value of company assets in Tennessee, the number of shareholders residing in the state and the location of the shareholder list. Apparently there was also introduced a copy of a complaint which had been filed in the Chancery Court at Nashville on April 11, 1978 by the Commissioner of Insurance, charging appellees with violations of the Investor Protection Act. Attached to that complaint were copies of a temporary restraining order and of an order to show cause issued by the Chancellor in Nashville.

Insofar as we can tell, no other proof of any sort was introduced. Clearly either party had a right to offer evidence in support of factual issues,[2] and apparently all parties were afforded an opportunity to do so. In all events, there is no complaint on appeal that any right to an evidentiary hearing was abridged or curtailed.

After the hearing, the Chancellor entered an order, stating that he was of the opinion that the answer filed by appellant failed to show good cause for its refusal to make available the corporate data requested. He sustained the complaint and directed the issuance of a peremptory writ of mandamus,[3] requiring appellant to produce or make available the corporate records sought, pursuant to T.C.A. §§ 48–716, –717. The corporation appealed and obtained a temporary supersedeas in this Court. The cause was heard on April 19, 1978, and all parties have treated that hearing as dealing with the merits of the appeal, as well as dissolution of the supersedeas. The only issue is whether the Chancellor erred in issuing the peremptory writ of mandamus. All parties recognize that the appeal would become moot if execution of that order occurred prior to appellate review.

The corporate records inspection statute, T.C.A. § 48–717, provides that minority stockholders, owning fewer than five percent of the outstanding shares and holding them for less than six months, may nevertheless compel the production for examination of the books, documents and records of

---

1. T.C.A. § 23–2006 provides that in response to the alternative writ, cause may be shown by a sworn answer. Sworn pleadings are generally dispensed with in civil actions except where required by statute. T.R.C.P., Rule 11.

2. T.C.A. § 23–2007.

3. T.C.A. § 23–2008.

the corporation "upon proof of proper purpose . . . ." T.C.A. § 48–717(2).

The complaint in the present case alleged ownership of minority stock and the purpose of communicating to other shareholders a purchase offer. Both of these allegations were admitted in the answer, and counsel for appellant conceded in oral argument that the purchase stated in the complaint was not, in and of itself, either improper or illegal.

■ Upon the record filed here, therefore, we agree with the Chancellor that it was incumbent upon appellant, both by pleading and by proper proof, to establish an improper or illegal purpose, so as to justify its refusal to make available the books and records requested. This it simply has not done. There are allegations of an unresolved suit pending between the parties in a federal court.[4] There are also wholly unsupported allegations of illegality or irregularity of the purchase offer.[5]

■ Allegations in pleadings are not, of course, evidence of the facts averred. Unless such facts are admitted or stipulated, they must be proved by documents, affidavits, oral testimony or other competent evidence. On the face of the record before us there is not even sufficient evidence to show that the tender-offer made by appellees falls within the provisions of the Investor Protection Act and of the regulations issued pursuant thereto. That statute applies only if acquisition by the offeror would result in ownership of a certain percentage of the equity securities of the offeree, and there are a number of exceptions and exemptions. The record is silent as to the number of shares owned by appellees, the number of shares outstanding, and even as to the terms of the tender-offer. From the information before us, we could not possibly determine whether the offer is covered by or whether it complies with this or any other securities law.

As pointed out by appellees, there are a number of holdings in other states that a stockholder may not be deprived of a statutory right of inspection upon mere allegations of irregularity or illegality under various securities laws or other statutes. See *Wood, Walker & Co. v. Evans*, 300 F.Supp. 171 (D.C.Colo.1969); *Kerkorian v. Western Airlines, Inc.*, 253 A.2d 221 (Del.Ch.1969); *Application of Joslyn*, 191 Misc. 512, 78 N.Y. S.2d 183, aff'd 273 App.Div. 945, 78 N.Y. S.2d 923 (1948). In several cases it was pointed out that allegations of irregularity did not amount to proof thereof, and that the courts must assume that regulatory agencies under securities laws will take appropriate action to compel compliance with any governing statutory provisions. Once stock ownership and a purpose reasonably related thereto are established, courts are reluctant to deny the right of inspection upon unsupported contentions of the corporation as to anticipated future use of the information obtained. See *Alabama Gas Corp. v. Morrow*, 265 Ala. 604, 93 So.2d 515 (1957); *General Time Corp. v. Talley Industries, Inc.*, 43 Del.Ch. 531, 240 A.2d 755 (1968); *Mite Corp. v. Heli-Coil Corp.*, 256 A.2d 855 (Del.Ch.1969).

■ On the record before us we are unable to find any reversible error in the action taken by the Chancellor, and his judgment accordingly is affirmed at the cost of appellant. The supersedeas heretofore granted is dissolved, and the cause is remanded for further proceedings.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.

---

4. In oral argument, counsel advised this Court that the U. S. District Court in that case had directed appellant to furnish at least a partial stockholders list to appellees and that this had been done since the present appeal was docketed.

5. Since disposition of this case in the trial court, counsel have produced and filed here a certified copy of a consent order entered in the Nashville proceedings, showing dismissal of the suit brought against appellees by the Commissioner of Insurance.