# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## GREGORY LANCE PETERSON v. TIARA BLANCO (PETERSON)

**Appeal from the Circuit Court for Shelby County**
**No. CT00535411     Karen R. Williams, Judge**

---

**No. W2014-01423-COA-R10-CV - Filed November 26, 2014**

---

This matter arises from post-divorce proceedings regarding the parties' minor child. Mother filed an application for extraordinary appeal after the trial court designated Father as Temporary Primary Residential Parent and ordered that Father could enroll the parties' child in a school in his school district. Mother's application submitted three issues for review, but we grant extraordinary review only as to the issue regarding the trial court's order designating Father as Temporary Primary Residential Parent and ordering that Father could enroll the parties' child in a school in his school district. We vacate and remand.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Circuit Court is Vacated and Remanded**

J. STEVEN STAFFORD, P.J., W.S.,  ARNOLD B. GOLDIN, J. and BRANDON O. GIBSON, J.

Laura Diane Rogers, Memphis, Tennessee, for the appellant, Tiara Nicole Blanco (Peterson).

Valerie T. Corder, Memphis, Tennessee, for the appellee, Gregory Lance Peterson.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Factual and procedural background

Appellant Tiara Nicole Blanco Peterson ("Mother") and Appellee Gregory Lance Peterson ("Father") divorced in March 2012. At that time, the trial court entered a Permanent Parenting Plan providing for equally shared parenting time of the parties' minor child and designating Mother as the Primary Residential Parent. In October 2013, Mother notified Father that she intended to relocate and Father filed a Petition opposing the relocation of the child, as well as seeking a change of custody. Father then filed another petition asking specifically that Mother be enjoined from "interfering with the paternal grandparents' regular Monday visits with the minor child." The trial court did not issue the fiat contained therein which requested that the trial court immediately issue a restraining order to maintain the status quo of the child's parenting and visitation schedule, including permitting the paternal grandmother to care for the child when Mother worked. The Court set the fiat for hearing on November 12, 2013.

On October 29, 2013, the trial court ordered that: 1) Mother should immediately return from Knoxville with the parties' minor child and the child should remain in Shelby County and the jurisdiction; 2) both parties were enjoined from having the child around their romantic partners if they were not married; and, 3) Father's two Petitions would be set for evidentiary hearing on November 12, 2013. Also, the trial court declined to issue the Fiat for an Immediate Injunction on Father's Second Petition for Injunctive Relief which pertained to the paternal grandmother's visitation with the minor child.

Mother then filed a response to Father's petition along with her counter-petition to modify the Permanent Parenting Plan. Mother obtained a fiat requiring Father to show cause why his live-in paramour should not be enjoined from being around the minor child and setting the hearing date for November 12, 2013.

The trial court heard arguments regarding the pending petitions on November 12, 2013, but heard no evidence. At the conclusion of the hearing, the trial court ordered the parties and their romantic partners to submit to drug tests, ordered Mother to allow the paternal grandmother to exercise grandparent's visitation every Monday during Mother's parenting time if Mother was working, and further restrained the parties from modifying the status quo parenting schedule.

Mother obtained new counsel in January 2014. Mother's new counsel gave notice to Father's attorney that Mother did not intend to relocate. In March 2014, the parties began to schedule mediation for Father's request for a change of custody, but mediation did not occur until May.

2

Mother advised Father in May 2014 that she planned on enrolling the child in Farmington Elementary located in Germantown, Tennessee where she was living. Father then began making efforts to move from his apartment in Cordova, TN to Germantown, TN to live closer to the child's school in Mother's district.

On June 24, 2014 Father filed a "Petition for Expedited Hearing On Sole Issue of Impending Decision On Child's Registration Pending Trial On Defendant's Proposed Relocation To Knoxville, Tennessee." Father alleged in his petition that the parties had been spending equal time with the child and requested only that the trial court conduct an expedited hearing to hear proof on where the child should begin kindergarten. Mother was served with a filed copy of the petition on that same date, but there was no hearing date set at that time for the petition.

On June 26, 2014, Father presented the fiat for his "Petition for Expedited Hearing On Sole Issue of Impending Decision On Child's Registration Pending Trial On Defendant's Proposed Relocation To Knoxville, Tennessee" to the trial court. On that date, the trial court directed the parties and their attorneys to reconvene on a later date for a status conference stating, "We're not doing a trial. We're having a conference." Before beginning the proceedings on July 9, 2014, the trial court signed an order memorializing that the July 9th hearing was only a "status conference." Father's counsel, however, began arguing the merits of the petition. Mother's counsel objected and inquired into whether the trial court was conducting a hearing. The trial court stated, "Your ruling - we are not having a trial. But I need to be able to understand what each side contends are the facts of the case. That what I'm trying to do right now."

Father's counsel then continued setting forth Father's version of the facts of the case and Mother's counsel did the same, stating "It is undisputed that there is a dispute .... [L]et's just come here and have a trial. Let's stop coming down here and chewing your ear off about what we think about this case. Let's just put the parties on the stand and have a good old fashioned trial." The trial court recessed for a lunch break and upon convening after lunch, the trial court stated that the court's clerk had reviewed the Permanent Parenting Plan and determined that Father was originally awarded more parenting time than Mother. The trial court then modified the Permanent Parenting Plan to temporarily designate Father as the primary residential parent pending an evidentiary hearing. Moreover, the trial court ordered that Father could enroll the child at the school in his district. Counsel for each party submitted proposed orders to the trial court, but on July 24, 2014 the trial court drafted the court's own ruling and entered it on that date.

On July 25, 2014, Mother filed with this Court an application for an extraordinary appeal, as well as a motion to stay the trial court's order of July 24, 2014, pending this

Court's determination of her application.[2] In her application, Mother presented the following three (3) issues for extraordinary review:

1.     Did the trial court err in modifying the parties' Permanent Parenting Plan to change the designation of primary residential parent to Appellee (hereinafter "Father") and finding that it was in the child's best interest to attend school in Father's school district when the ruling was made without the benefit of any evidence in this matter and without any notice to Mother.

2.     Did the trial court err in granting grandparent's visitation to the paternal grandmother when the paternal grandmother is not a party, no request for grandparent's visitation has been made by a grandparent, and no evidence was presented.

3.     Did the trial court err in ordering the parties to not be "around" romantic partners if they were not married to them when no request for such relief had been made by either party, no evidence was presented, and no notice was given to Mother.

Father filed his response to the application on August 6, 2014. Upon due consideration of the application and response, the Court hereby grants extraordinary review of the first issue stated above, as it appears that "the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review... ." TENN. R. APP. P. 10(a).

## Standard of Review

In an extraordinary appeal, we use the same standards of review that are applied in an appeal as of right. *Peck v. Tanner*, 181 S.W.3d 262, 265 (Tenn. 2005). Thus, we review the underlying factual findings using the preponderance of the evidence standard set forth in Rule 13(d) of the Tennessee Rules of Civil Procedure, and we review the lower court's legal determinations *de novo* with no presumption of correctness. *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 525 (Tenn. 2010)(citations omitted).

---

[2] The Court granted her motion for stay by Order entered on July 29, 2014. Also in that Order, the Court directed Respondent to file a response to the application within fourteen (14) days of the entry of that Order.

**Analysis**

The parties disagree as to whether Mother was afforded proper notice that the trial court would conduct a hearing on July 9, 2014 as to Father's petition seeking a determination of where the parties' child should begin kindergarten. Regardless of whether Mother had proper notice, it is clear that the trial court did not hear the sworn testimony of any witnesses or review exhibits submitted by either party during the hearing on July 9, 2014. Instead, the trial court merely heard argument of counsel and reviewed the Permanent Parenting Plan entered in March 2012.

As a result of the hearing of July 9, 2014, the trial court entered an order which designated Father as Temporary Primary Residential Parent "as under the current plan he is entitled to exercise slightly more time with the child than does Mother." The trial court's order explicitly states that the court "had intended to take testimony on that day regarding the school registration issue" but that "[c]ounsel indicated that there was still outstanding discovery both written and oral and that it was impossible to go forward with an evidentiary hearing." The trial court then found that there was a "crisis situation" and the court, in the face of these problems, ruled that it would be in the best interest of the child to be enrolled at the school in Father's district pending a full trial of the issues.

We have considered other cases in which no testimony or other properly submitted evidence was elicited to support the allegations in the pleadings. *See Dayhoff v. Cathey*, W2011-02498-COA-R3-JV, 2012 WL 5378090 (Tenn. Ct. App. Nov. 1, 2012); *In re: D.M.H.*, No. W2006–00270–COA–R3–JV, 2006 WL 3216306 (Tenn. Ct. App. Nov. 8, 2006); *Brooks v. Brooks*, No. 01A01–9607–CV–00312, 1997 WL 83664 (Tenn. Ct. App. Feb. 26, 1997). In *Dayhoff*, we quoted the following from *In re: D.M.H.*

> Allegations in the pleadings are not evidence of the facts averred. *Hillhaven Corp. v. State ex rel. Manor Care, Inc.*, 565 S.W.2d 210, 212 (Tenn.1978). "Unless such facts are admitted or stipulated, they must be proved by documents, affidavits, oral testimony or other competent evidence." *Id.* Furthermore, "mere statements of counsel are not evidence or a substitute for testimony." *Metro. Gov't of Nashville & Davidson Co. v. Shacklett*, 554 S.W.2d 601, 605 (Tenn. 1977).... Witnesses are required to take an oath or affirmation before testifying, Tenn. R. Evid. 603, and in the absence of stipulations, findings of fact must come from the evidence introduced.

*Dayhoff* at *2 (quoting *In re: D.M.H.* at *7). In *Dayhoff*, the Court vacated the portions of the trial court's order that were not supported by properly submitted evidence and which the parties disputed on appeal. *Id.* at *3. Similarly, the *In re: D.M.H.* Court remanded to the

trial court for an evidentiary hearing. ***In re: D.M.H.*** at *7.

Clearly, the trial court only heard the argument of counsel and did not hear the testimony of sworn witnesses or otherwise consider properly submitted evidence. Consequently, we must vacate the trial court's order designating Father as the Temporary Primary Residential Parent and directing that Father should enroll the child in his school district.

### Conclusion

The trial court's order of July 24, 2014 is hereby vacated and this case is remanded for further proceedings in accordance with this opinion. Costs of this appeal are assessed to Appellee Gregory Lance Peterson for which execution may issue, if necessary. **It is SO ORDERED.**

### PER CURIAM