IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 16, 2002 Session

**GREGORY THOMPSON v. RICKY BELL, WARDEN**

**Direct Appeal from the Circuit Court for Coffee County
No. 31,213     L. Craig Johnson, Judge**

_____

**No. M2001-02460-CCA-OT-CO - Filed August 15, 2002**

_____

Appellant, Gregory Thompson, was convicted for the first degree murder of Brenda Lane. The murder occurred on January 1, 1985. The jury imposed the death penalty. Our supreme court affirmed the conviction and sentence of death. State v. Thompson, 768 S.W.2d 239 (Tenn. 1989). Appellant subsequently filed a petition for post-conviction relief. The petition was denied by the trial court, and the trial court's denial was subsequently affirmed by our Court. Thompson v. State, 958 S.W.2d 156 (Tenn. Crim. App. 1997). Later, in 2001, Appellant filed a petition for writ of error coram nobis, which the trial court dismissed without an evidentiary hearing because it was filed after expiration of the applicable one-year statute of limitations. This appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which J. CURWOOD WITT and ALAN E. GLENN, JJ., joined.

Marjorie A. Bristol, Nashville, Tennessee, for the appellant, Gregory Thompson.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Smith, Assistant Attorney General; C. Michael Layne, District Attorney General; and Chris Vernon, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In his petition for writ of error coram nobis, Appellant asserts that "new evidence" of his mental incapacity exists which would have resulted in a different judgment if the jury had been aware of the evidence at the time of his trial. Defendant bases this theory on a petition filed in the Chancery Court of Davidson County, with the State of Tennessee Department of Correction as petitioner, seeking to have a conservator appointed for Appellant. The Department of Correction asserted that the appointment of a conservator was for the limited purpose of providing consent for

Appellant to "receive medical and psychiatric treatment, including the forcible administration of medications if the conservator finds that such is necessary."

The conservatorship petition, filed by the State Attorney General representing the Department of Correction, alleged in pertinent part that Appellant was in need of protection and assistance by reason of an illness which rendered him "presently disabled." The conservatorship petition further alleged that Dr. Casey Arney, Appellant's treating psychiatrist, had diagnosed Appellant as suffering from "a long history of Bipolar Disorder and psychotic symptoms." No further quantification of the time period of Appellant's mental disability was made in the conservatorship petition.

The conservatorship petition was filed March 14, 2001, almost sixteen years after Appellant was convicted of first degree murder and sentenced to death. Dr. Arney's letter in support of the appointment of a conservator, which was sworn to in the presence of a notary public, is dated January 19, 2001.

During Appellant's trial and post-conviction proceedings, the State contested all assertions by Appellant that his mental condition was a valid defense to the crime for which he was charged, and/or that his mental condition was a mitigating factor as to the sentencing. See State v. Thompson, 768 S.W.2d 239, 248-49 (Tenn. 1989); Thompson v. State, 958 S.W.2d 156, 164-65 (Tenn. Crim. App. 1997). In the opinion of this Court in the post-conviction case, our Court noted that Appellant was diagnosed with "bipolar disorder, schizo affective disorder or schizophrenia" *since his incarceration* for the murder of Brenda Lane. Thompson, 958 S.W.2d at 164. Although Appellant, in his petition and in his brief on appeal, renews allegations of ineffective assistance of counsel at trial, the crux of his argument in the present coram nobis petition is based on a claim that the State has since reversed its position and now agrees that Appellant has a debilitating mental illness.

The purported "new evidence" in this case, which consists of Dr. Arney's sworn letter supporting the appointment of a conservator, does not support Appellant's assertion that he was suffering from any mental disability at the time of the criminal offense for which he was convicted or at the time of his trial. Likewise, the Department of Correction's petition for appointment of a conservator does not, in and of itself, constitute "evidence," new or old. Hillhaven Corp. v. State ex rel. Manor Care, Inc., 565 S.W.2d 210, 212 (Tenn.1978) (allegations in pleadings do not constitute evidence of the facts averred); State v. Dykes, 803 S.W.2d 150, 255 (Tenn. Crim. App. 1990). Neither does the conservatorship petition constitute a concession by the State Attorney General that Appellant was mentally disabled at the time of the criminal offense or at the time of Appellant's trial.

The relief by petition for writ of error coram nobis is provided for in Tennessee Code Annotated section 40-26-105. As previously noted by our Court, "[t]he purpose of this remedy 'is to bring to the attention of the [trial] court some fact unknown to the court, which if known would have resulted in a different judgment.'" State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995) (quoting State ex rel. Carlson v. State, 407 S.W.2d 165, 167 (Tenn. 1996)).

Tennessee Code Annotated section 27-7-103 provides a statute of limitations of one year after the judgment becomes final for filing a petition for writ of error coram nobis. In State v. Mixon, 983 S.W.2d 661 (Tenn. 1999), our supreme court clarified that the petition must be filed within one year of the date that the judgment became final in the *trial* court. Id. at 670. A judgment is final in the trial court thirty days after entry of the judgment if no post-trial motions are filed, and, if a post-trial motion is filed, the judgment is final upon entry of an order disposing of the post-trial motion. Id.

There is no question that Appellant's petition for writ of error coram nobis was filed outside of the applicable statute of limitations. It was filed more than fifteen years after the judgment became final in the trial court. However, in Workman v. State, 41 S.W.3d 100 (Tenn. 2001), our supreme court held that the constitutional rights of due process may require tolling of the statute of limitations in a proceeding where a petition for writ of error coram nobis has been filed. Id. at 103. Workman involved a capital case wherein the petitioner argued that certain late-discovered evidence, i.e., a previously unavailable x-ray and the recanted testimony of a crucial witness, would show that he was actually innocent of the crime for which he was convicted. In State v. Ratliff, 71 S.W.3d 291 (Tenn. Crim. App. 2001), our Court applied the holding in Workman to a conviction in a non-capital case. The defendant in Ratliff was convicted of rape of a child and sentenced to serve twenty-four years in the Department of Correction. The judgment became final on December 7, 1998. He filed a petition for writ of error coram nobis on December 21, 1999, fourteen days outside of the applicable statute of limitations. The "new evidence" was alleged to be a total recantation of the testimony by the victim. Our court noted that the great weight of evidence against the defendant came from the testimony of the victim at trial. In November 1999, within the statute of limitations, the victim and her mother had contacted the prosecutor's office to discuss the fact that the victim had given false testimony at defendant's trial. Our Court held that, under the circumstances presented in Ratliff, due process precluded a summary dismissal of the petition for writ of error coram nobis based upon the expiration of the statute of limitations. Id. at 298.

The case sub judice is distinguishable from both Workman and Ratliff. First of all, the "newly discovered evidence" asserted by Appellant in this case does not purport to show his "actual innocence" of the crime for which he was convicted. Nor does it constitute mitigating evidence regarding his sentence. As noted above, assertions by a party in a pleading are not "evidence." Furthermore, Dr. Arney's letter, written more than fifteen years after the commission of the criminal offense, does not even assert that Appellant had any mental illness at the time of the commission of the offense. Finally, as reflected in this court's opinion in Appellant's post-conviction proceeding, there was evidence, at least as early at 1995, that Appellant's mental illness developed subsequent to his incarceration.

The crux of Appellant's petition is that he should be granted a hearing because the State of Tennessee, throughout the trial proceedings and direct appeals thereof, and throughout the post-conviction proceedings, successfully argued that Appellant did not have a mental illness which would constitute a defense to the crime or a mitigating factor for sentencing. Appellant argues that the State now concedes that Appellant has a mental illness. The only conclusion that can be

logically drawn from the conservatorship petition, however, is that the State Attorney General, representing the Department of Correction, asserts that Appellant was in need of a conservator for the limited purpose of giving consent to medical and psychiatric treatment in March 2001. This does not constitute "newly discovered evidence" within the parameters for relief provided by the writ of error coram nobis; neither does due process require a tolling of the applicable statute of limitations. The judgment of the trial court is therefore affirmed.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE