# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 24, 2012 Session

## TASHA DAYHOFF v. JOSHUA D. CATHEY

**Direct Appeal from the Juvenile Court for Madison County**
**No. 442403     Christy R. Little, Judge**

---

**No. W2011-02498-COA-R3-JV - Filed November 1, 2012**

---

Father appeals the Madison County Juvenile Court's judgment, entering a permanent parenting plan, setting child support, awarding a child support arrearage, awarding attorney fees to Mother, and granting a wage garnishment. We affirm the trial court's ruling that Father is the legal and biological parent of the children at issue. However, having determined that no testimony was elicited at the hearing on this cause, and thus no evidence was presented from which the trial court could make a determination, we vacate the judgment of the trial court and remand for an evidentiary hearing on all other issues in this case.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Juvenile Court, Affirmed in Part; Vacated in Part; and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,W.S, and HOLLY M. KIRBY, J., joined.

Joshua D. Cathey, Bells, Tennessee, Pro Se.

Jennifer King, Jackson, Tennessee, for the appellee, Tasha Dayhoff.

## OPINION

### I. Background

Appellant Joshua D. Cathey ("Father") and Appellee Tasha Dayoff ("Mother" ) are the parents of two children, Avana, born December 27, 2007 and Ethan, born March 25, 2009. Although the parties were not married, Father signed each child's birth certificate.

In March 2011, Mother filed a petition in the Madison County Juvenile Court to set child support. Mother later retained counsel and filed a Complaint to Establish Parentage on

April 28, 2011. A hearing was held on July 19, 2011. Father was not represented by counsel at the hearing.

At the hearing, Mother's attorney submitted evidence of her prenatal medical expenses and the children's medical expenses that were allegedly owed by Father. Father argued, however, that the evidence of the medical expenses appeared to contain duplicate charges. Mother's attorney also submitted documentation to the court of her child care expenses of $780.00 per month, and the children's medical insurance of $112.04 per month. Mother's attorney requested $771.00 per month in child support, a figure which took into account credits for child care and insurance. Mother also asserted that Father had made no prior child support payments and asked for an award of retroactive child support. Father argued, however, that he paid support as agreed by Mother throughout the children's lives and that he should receive a credit for those amounts previously paid. Although the parties submitted documents to the trial court, no witnesses were sworn and no testimony was taken at the hearing. Instead, the parties simply argued their case and submitted documents directly to the trial judge without the benefit of testimony or authentication.

At the conclusion of the proceeding, the trial court found Father to be the biological and legal parent of the children and named Mother primary residential parent. The trial court awarded Father every other weekend and Thursday night visitation. The trial court also held that Father owed $2,500 in unpaid medical bills, representing approximately half of the amount requested by Mother, and $16,538.12 in child support arrears. The trial court did not grant Father a credit for the amount he had allegedly already paid. The trial court further set Father's child support at $700.00 per month and ordered him to pay an additional $300.00 per month toward the arrearage. The trial court signed an order memorializing its oral ruling on July 29, 2011; however, the order was not stamped as filed. On the same day, the trial court also entered an order allowing wage assignment of Father's wages; however, this order was likewise not stamped as filed.

Father subsequently retained counsel. On August 23, 2011, Father's counsel filed a Motion for Relief from Judgment and a Motion for New Hearing. Mother filed a response to the motion on August 31, 2011, denying the material allegations contained therein. A hearing on Father's motion was held on October 11, 2011. On October 19, 2011, the trial court denied Father's motion and awarded Mother $1,500.00 in attorney fees expended in defense of Father's motion.

Father filed his notice of appeal on November 17, 2011. Upon receiving the record in this case, this Court entered an order directing the trial court to enter orders on the custody and child support issues and, in so doing, to comply with Rule 58 of the Tennessee Rules of

Civil Procedure.[1] On April 18, 2012, the trial court complied by filing a supplemental record that showed that the orders had been properly filed on April 3, 2012. Having determined that the order in this case is now final and that Father timely filed his notice of appeal, we turn to consider the issues raised by Father.

## II. Analysis

Father raises the following issues on appeal,[2] which we restate:

1. Whether the trial court violated Father's due process rights?
2. Whether the trial court erred in calculating current monthly child support by failing to comply with the child support guidelines and deviating without any written explanation?
3. Whether the trial court erred in limiting Father's parenting time?
4. Whether the trial court erred in awarding an additional $16,538.12 in arrears?
5. Whether the trial court erred in ordering Father to pay Mother for the children's retroactive medical expenses that had already been paid by United Healthcare Insurance Company?
6. Whether the trial court erred in awarding Mother attorney fees?

---

[1] Rule 58 of the Tennessee Rules of Civil Procedure provides, in pertinent part:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following **is marked on the face by the clerk as filed for entry**:
> (1) the signatures of the judge and all parties or counsel, or
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or
> (3) the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

(emphasis added).

[2] Although Father was represented at the hearing on his post-trial motion, Father appeared *pro se* throughout this appeal.

7. Whether the trial court erred in not having an evidentiary hearing with sworn testimony, findings of fact, and conclusions of law?

After thoroughly reviewing the record on appeal, we discern the dispositive issue in this case to be Father's allegation that the trial court failed to conduct an evidentiary hearing with sworn testimony prior to setting Father's child support obligation and arrearage and entering a permanent parenting plan. Mother concedes that no witnesses were sworn in at the hearing on October 19, 2011. In addition, Mother concedes that no testimony was elicited from the parties or any other witnesses, but that all evidence was introduced through argument and offers of proof to the trial judge. After reviewing the transcripts in the case, we agree. This Court has previously considered a case in which no testimony was elicited to support the allegations in a complaint:

> Allegations in the pleadings are not evidence of the facts averred. ***Hillhaven Corp. v. State ex rel. Manor Care, Inc***., 565 S.W.2d 210, 212 (Tenn.1978). "Unless such facts are admitted or stipulated, they must be proved by documents, affidavits, oral testimony or other competent evidence." ***Id.*** Furthermore, "mere statements of counsel are not evidence or a substitute for testimony." ***Metro. Gov't of Nashville & Davidson Co. v. Shacklett***, 554 S.W.2d 601, 605 (Tenn. 1977). . . .Witnesses are required to take an oath or affirmation before testifying, Tenn. R. Evid. 603, and in the absence of stipulations, findings of fact must come from the evidence introduced.

***In re D.M.H.***, No. W2006-00270-COA-R3-JV, 2006 WL 3216306, at *7 (Tenn. Ct. App. Nov. 8, 2006). The situation presented in this case is similar to the situation in ***In re DM.H.***:

> [T]here was no sworn testimony presented in this case, and no exhibits were introduced into evidence. Instead of taking evidence and hearing formal testimony, the attorneys, and sometimes the parties themselves, simply presented the facts to the judge.

***Id.*** With no evidence to support the trial court's ruling, the Court in ***In re D.M.H.*** remanded to the trial court for an evidentiary hearing. ***Id.*** In another case, ***Brooks v. Brooks***, No. 01A01-9607-CV-00312, 1997 WL 83664 (Tenn. Ct. App. Feb. 26, 1997), this Court remanded the case for an evidentiary hearing when the only evidence in the record was the statements of counsel and documents that had been submitted directly to the trial judge, but

were not made exhibits to the testimony of any witness. *Id.* at \*2–3.

In this case, as there was neither testimonial evidence nor stipulations, the documents included in the record were not properly introduced. *See Brooks*, 1997 WL 83664, at \*2 (remanding the case because there were no "exhibits introduced by virtue of sworn testimony or stipulation of the parties"). Without testimonial evidence, stipulations, or properly introduced documentary evidence, there is no evidence from which the trial court could have made its ruling in this case. There are serious disputes regarding the facts, including the amount of time Father spent with the child prior to the proceeding, the parents' incomes, payments toward child support allegedly made by Father, and the legitimacy of the medical expenses submitted by Mother. Because no evidence was properly submitted on any of the issues on appeal, we must vacate the judgment of the trial court regarding the permanent parenting plan, the award of medical expenses, the current child support obligation, the child support arrearage, and the wage garnishment. However, neither party takes issue with the trial court's ruling that Father is the legal and biological parent of the children at issue. Because this issue was not in dispute at the trial on this matter, we affirm the judgment of the trial court finding Father to be the legal and biological parent of the children. *See Duggan v. Bohlen*, No. 01-A-01-9611-CV-00535, 1997 WL 379177, \*1–2 (Tenn. Ct. App. July 9, 1997) (noting that while "it is inappropriate to decide cases without taking evidence or receiving stipulations," the failure to take evidence was harmless error because the parties were in general agreement as to the facts). In addition, we note that Father filed a Motion for Relief from Judgment and a Motion for New Hearing, which was denied by the trial court. After denying the motion, the trial court awarded Mother $1,500.00 in attorney fees. Because there was no evidence on which the trial court could have made an initial ruling, the motion for a new hearing should have been granted. When allowed by statute or contract, generally only the prevailing party is entitled to attorney fees. *See In re Elaina M.*, No. M2010-01880-COA-R3JV, 2011 WL 5071901, at \*12 (Tenn. Ct. App. Oct. 25, 2011) ("Only the prevailing party is entitled to recover attorney's fees."). Thus, we also vacate the trial court's award of attorney fees to Mother.

### III. Conclusion

The judgment of the Madison County Juvenile Court is affirmed in part and vacated in part. This case is remanded for further proceedings in accordance with this opinion. Costs of this appeal are assessed to Appellee Tasha Dayoff, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE