# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
July 27, 2010 Session

## THOMAS GREER v. CITY OF MEMPHIS, TENNESSEE

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005049-00     Charles McPherson, Special Judge**

---

**No. W2010-00337-COA-R3-CV - Filed August 19, 2010**

---

This case involves the award of attorney's fees and costs against the Appellant City of Memphis for its alleged failure to comply with the Appellee's document request, made under the Tennessee Public Records Act, Tenn. Code Ann. §10-7-501 *et seq*.  The trial court awarded fees and costs against the City under Tenn. Code Ann. § 10-7-505(g), which requires a finding of knowledge and willful failure to comply with the public records act.  Based upon the record, we conclude that the trial court abused its discretion because: (1) the trial court made no specific finding concerning the City's alleged willful failure to comply, and (2) the record does not support a finding of willful failure to comply on the part of the City.  Reversed.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Reversed.**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Philip E. Oliphant, Memphis, Tennessee, for the appellant, City of Memphis.

R. Sadler Bailey and Wilton H. McNeely, Memphis, Tennessee, for the appellee, Thomas R. Greer.

## OPINION

The Tennessee Public Records, Tenn. Code Ann. §10-7-501 *et seq*. (the "Act"), provides, in relevant part, that:

> (2)(A) All state, county and municipal records shall, at all times during business hours, which for public hospitals shall be during

the business hours of their administrative offices, be open for personal inspection by any citizen of this state, and those in charge of the records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

(B) The custodian of a public record or the custodian's designee shall promptly make available for inspection any public record not specifically exempt from disclosure. In the event it is not practicable for the record to be promptly available for inspection, the custodian shall, within seven (7) business days:

> (i) Make the information available to the requestor;
> (ii) Deny the request in writing or by completing a records request response form developed by the office of open records counsel. The response shall include the basis for the denial; or
>
> (iii) Furnish the requestor a completed records request response form developed by the office of open records counsel stating the time reasonably necessary to produce the record or information.

Tenn. Code Ann. §10-7-503(a)(2).

Pursuant to the foregoing statute, on August 20, 2009, Appellee Thomas R. Greer ("Mr. Greer") submitted a request to the Appellant City of Memphis (the "City"). By his request, Mr. Greer sought to inspect and photocopy any and all records "pertaining to any monetary payments made by the City of Memphis in conjunction with the City of Memphis' attempt to collect unpaid taxes from Lehman Brothers Holdings, Inc. in the United States Bankruptcy Court...." Despite the City's statutory obligation to respond to the records request within seven days, Tenn. Code Ann. §10-7-503(a)(2)(B), Mr. Greer received no response from the City concerning his request. Accordingly, on October 9, 2009, Mr. Greer mailed a second records request to the City, by certified mail, return receipt requested, again asking to inspect and photocopy any documents pertaining to the Lehman Brothers matter. According to the record, the City received Mr. Greer's second request and signed the

certified mail receipt on October 13, 2009.[1] However, again Mr. Greer received no response from the City. Two weeks later, on October 27, 2009, Mr. Greer filed a petition with the Circuit Court at Shelby County, seeking access to public records and judicial review of the alleged denial of his request by the City. In his petition, Mr. Greer specifically averred that the City's "refusal to produce the requested records is willful and in bad faith, which justifies the assessment[] of all reasonable costs and attorney fees associated with this action."

On November 6, 2009, Assistant City Attorney Philip Oliphant filed a notice of appearance with the trial court, indicating that he would be representing the City in this matter. According to Mr. Greer's brief, as of November 16, 2009, he still had not received any response from the City regarding his multiple requests to view the Lehman Brothers documents. On November 16, 2009, an order was entered, transferring the case from Division V to Division VII of the Circuit Court. Following entry of the November 16 order, Mr. Greer's attorney spoke with Mr. Oliphant to inform him that Mr. Greer would be seeking a hearing date for his petition. During this conversation, Mr. Oliphant informed Mr. Greer's attorney that he was faxing over a preliminary draft of the City's response to Mr. Greer's petition, and that a City employee had mailed Mr. Greer a response to his records request on the previous Friday, November 13, 2009. Following this conversation, this piece of mail was, in fact, delivered to Mr. Greer's office. The City's submission consisted of four pages of records pertaining to the Lehman Brothers matter.

On November 17, 2009, the City filed its response to Mr. Greer's petition, along with the Affidavit of Bridgett Handy-Clay in support thereof. According to her Affidavit, Ms. Handy-Clay is the Public Records Coordinator for the City; as such, she is responsible for fulfilling all records requests received by the City. Both the response and Ms. Handy-Clay's affidavit assert that the delay in providing Mr. Greer the requested records was not willful, but rather due to confusion caused by the transfer of the responsibility of responding to public records requests from Ms. Handy-Clay's office to another office, and then back to her office, as well as by the change of administrations in the mayor's office. Further, the response and affidavit assert that on October 13, 2009, Ms. Handy-Clay received notice from Mr. Greer that he had not received a response to his August 20, 2009 request; that upon receiving this notice Ms. Handy-Clay investigated the matter and determined that the request had not been responded to; and that on November 13, 2009 Ms. Handy-Clay sent the requested records to Mr. Greer via certified mail.

A hearing on Mr. Greer's petition was held on January 11, 2010. On January 15,

---

[1] The receipt is signed by Kenya Kirkwood.

2010, the trial court entered its Order, which provides:

> THIS CAUSE CAME TO BE HEARD...upon Thomas R. Greer's Petition for Access to Public Records and to Obtain Judicial Review of Denial of Access, and the arguments of counsel for the respective parties, from all of which this Honorable Court finds that the Petition is well taken and is GRANTED. The Court Orders as follows:
>
> 1. The City of Memphis, Tennessee shall pay to the Petitioner, Thomas R. Greer, reasonable attorney's fees associated with the bringing of this action in the amount of Seven Hundred and Fifty Dollars ($750).
>
> 2. The City of Memphis, Tennessee shall pay all court costs associated with the bringing of this action pursuant to Tennessee Code Annotated §10-7-505(g).

The City appeals, raising one issue for review as stated in its brief:

> Under Tennessee law, attorney's fees may be imposed when a municipality's failure to disclose a public record is willful and in "bad faith." The City of Memphis' delay in fulfilling Appellee's records request was undisputedly inadvertent. Did the court err in imposing attorney's fees for the delay in fulfilling Appellee's request?[2]

The trial court granted Mr. Greer's request for attorney's fees and costs pursuant to Tenn. Code Ann. § 10-7-505(g), which provides:

> If the court finds that the governmental entity, or agent thereof, refusing to disclose a record, knew that such record was public

_____

[2] As stated in its appellate brief, although the City maintains that the court's January 11, 2010 grant of Mr. Greer's petition for access to public records was improper because the City had fulfilled Mr. Greer's public records request on November 13, 2009, thus allegedly rendering the matter moot, the City indicates that it does not wish to appeal this portion of the trial court's decision. Consequently, we will only address the trial court's grant of attorney's fees under Tenn. Code Ann. §10-7-505(g).

-4-

and willfully refused to disclose it, such court may, in its discretion, assess all reasonable costs involved in obtaining the record, including reasonable attorneys' fees, against the nondisclosing governmental entity....

This attorney fee provision of the Act is, "by its terms[,] a limited award provision." *Memphis Publishing Co. v. City of Memphis*, 871 S.W.2d 681, 689 (Tenn.1994). The decision whether to award attorney's fees under Tenn. Code Ann. § 10-7-505(g) is left to the discretion of the trial court, and appellate courts will not disturb that decision absent an abuse of discretion. *Memphis Publishing Company v. Cherokee Children & Family Services, Inc.*, 87 S.W.3d 67, 80 n. 15 (Tenn. 2002).

Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made." *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted). A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." *Id*. The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Id.*

While our Supreme Court did not elaborate, in *Memphis Publishing Co. v. City of Memphis*, on what it meant by the descriptive term "limited," case law flowing from that decision has clarified the issue. First, an award of fees under the Act must meet the threshold requirement that the trial court find that the governmental entity or official "knew" the record was public and "willfully" failed to disclose it. In other words,

... the Public Records Act does not authorize a recovery of attorneys' fees if the withholding governmental entity acts with a good faith belief that the records are excepted from the disclosure. Moreover, in assessing willfulness, Tennessee courts must not impute to a governmental entity the "duty to foretell an uncertain juridical future."

*Schneider v. City of Jackson*, 226 S.W.3d 332, 346 (Tenn. 2007) (quoting *Memphis Publ'g Co. v. City of Memphis*, 871 S.W.2d at 689).

The "willful" element has been described as "synonymous to a bad faith requirement," *Arnold v. City of Chattanooga*, 19 S.W.3d 779, 789 (Tenn. Ct. App.1999). In *Arnold*, the court quoted Black's Law Dictionary to conclude that "willful," being synonymous with "bad faith," is not simply bad judgment or negligence but "implies the conscious doing of a moral

wrong because of dishonest purpose or moral obliquity." *Id*. at 789; *accord Henderson v. City of Chattanooga*, 133 S.W.3d 192, 215-16 (Tenn. Ct. App. 2000). Likewise, in *Contemporary Media, Inc., v. City of Memphis*, No. 02A01-9807-CH00211, 1999 WL 292264, *4 (Tenn. Ct. App.1999), the Court stated that "[n]ot every refusal to disclose a public record is wrongful. The statute expresses a 'knowing and willful' standard which is synonymous with 'bad faith.'" *Id*. (quoting *Capital Case Resource Ctr. Of Tennessee, Inc. v. Woodall*, No. 01-A-019104CH00150,1992 WL 12217 (Tenn. Ct. App. 1992)).

Although the standard for determining whether the refusal was willful and knowing has been expressed in varying ways, in actuality our courts have consistently applied the same analysis. That analysis emphasizes the component of the statutory standard that the entity or its officials know that the record sought is public and subject to disclosure. It evaluates the validity of the refusing entity's legal position supporting its refusal. *See, e.g., Schneider*, 226 S.W.3d at 346-47. Critical to that determination is an evaluation of the clarity, or lack thereof, of the law on the issue involved. As reiterated by our Supreme Court in *Schneider*, as quoted above, courts will not impute to a governmental entity "a duty to foretell an uncertain juridical future." Accordingly, requests for fees have been denied where the question of whether the record sought was public was "not straightforward or simple," *Memphis Publ'g Co. v. City of Memphis*, 871 S.W.2d at 689, or involved "complex interpretation of controlling case law," *Memphis Publishing Co. v. Cherokee Children & Family Services*, 87 S.W.3d at 80.

Most of the cases on attorney's fees under the Act have involved appellate review of an award of fees, and the emphasis has been on the good faith involved in the assertion that the records at issue were exempt from disclosure. That is not the case in the instant appeal. Here, the City does not assert that the documents sought by Mr. Greer were exempt from disclosure; rather, the City asserts that its admitted failure to disclose these documents was inadvertent. In other words, the City argues that it did not act in bad faith in denying Mr. Greer's request. In full context, the *Arnold* Court defined "bad faith" as:

> [t]he opposite of 'good faith,' generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. [The t]erm 'bad faith' is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; it is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will.

***Arnold***, 19 S.W.3d at 789 (citation omitted).

As set out above, the trial court did not make a specific finding of willfulness on the part of the City in its January 15, 2010 order. Prior to awarding attorneys fees, under Tenn. Code Ann. §10-7-505, the trial court must make a finding that the governmental entity acted willfully in withholding the requested records, i.e. with bad faith. ***Arnold***, 19 S.W.3d at 789. In reviewing the record, the only basis for the court's decision to award attorney's fees under Tenn. Code Ann. § 10-7-505(g) is its statement from the bench, which statement is addressed to the City's attorney, Mr. Oliphant, to wit:

> THE COURT: I['ve] got to disagree with you, [Mr.] Oliphant.
> I think when you get a request for something that you're legally
> entitled to last August and they get them just recently, I think
> that's more than–
>
> I think that's a little bit more than dilatory. We'll award
> you a $750 attorney fees as part of the cost of this cause.[3]

The Court's statement that the City's actions are "a little bit more than dilatory" simply does not indicate that the trial court found that the City acted willfully under Tennessee law. ***Arnold***, 19 S.W.3d at 789. In the absence of a specific finding that the City acted willfully (as opposed to negligently, carelessly, or dilatorily), we must conclude that the trial court abused its discretion in awarding Mr. Greer's attorney's fees under Tenn. Code Ann. § 10-7-505(g).

Moreover, we have conducted our own independent review of the record to determine if the evidence presented at trial would support a finding that the City acted willfully in not producing the requested records within the statutory time period. After reviewing the record, we find that the facts contained therein would not support a finding of willfulness in the instant case. We first note that the record is very sparse, consisting only of the Technical Record, which contains Mr. Greer's petition, and the City's response, along with the attached affidavit of Ms. Handy-Clay. There is also a three-and-one-half page transcript of the January 11, 2010 hearing; however, the transcript is comprised only of the respective arguments of the parties' attorneys as neither party attempted to introduce any testimony at the hearing. It is well settled that allegations contained in pleadings are not evidence. ***Hillhaven Corp. v. State ex rel. Manor Care Inc.***, 565 S.W.2d 210, 212 (Tenn.1978). Also, the arguments of counsel and the recitation of facts contained in a brief, or a similar pleading,

---

[3] We note that these comments from the bench are not incorporated, by reference, into the final order.

are not evidence. ***Price v. Mercury Supply Co., Inc.***, 682 S.W.2d 924, 929 n. 5 (Tenn. Ct. App.1984). The same is true of statements made by counsel during the course of a hearing, trial, or argument in this Court. ***Trotter v. State***, 508 S.W.2d 808, 809 (Tenn. Crim. App.1974); ***Davis v. State***, 673 S.W.2d 171, 173 (Tenn. Crim. App.1984).

As set out above, the finding of willfulness on the part of a municipality in failing to disclose public records is a high standard, requiring more than mere inadvertence, mistake, or negligence. Rather, the finding that a municipality willfully withheld public documents requires *evidence* that the withholding entity acted consciously in furtherance of a dishonest purpose or moral obliquity. ***Arnold***, 19 S.W.3d at 789. While it may be possible in certain circumstances for the passage of time to support a finding of willfulness, we do not find that to be the case in this situation. Any inference of willfulness that arose as the result of the City's failure to timely produce the requested documents was negated by the affidavit filed by Ms. Handy-Clay. Because the record lacks any evidence to support a finding of willfulness, we conclude that the trial court abused its discretion in awarding fees against the City.

For the foregoing reasons, we reverse the order of the trial court awarding Mr. Greer attorneys fees. Costs of this appeal are assessed against the Appellee, Thomas R. Greer, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE