# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
January 23, 2014 Session

# MAURY BRONSTEIN, IRA v. MORGAN KEEGAN & COMPANY, INC.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-10-1547-1    Walter L. Evans, Judge**

---

**No. W2011-01391-COA-R3-CV - Filed April 1, 2014**

---

The trial court vacated an arbitration award in favor of Respondent Morgan Keegan on the ground of evident partiality. Finding Petitioner failed to introduce evidence to support allegations of evident partiality, we reverse and remand to the trial court for confirmation of the arbitration award.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and J. STEVEN STAFFORD, J., joined.

John S. Golwen, Christopher G. Lazarini and Ryan Robert Baker, Memphis, Tennessee, for the appellant, Morgan Keegan & Company, Inc.

Christopher S. Campbell, Laura S. Martin and Margaret R. Johnson, Memphis, Tennessee, and Dale Ledbetter, Fort Lauderdale, Florida for the appellee, Maury Bronstein, IRA.

## OPINION

This appeal arises from the trial court's judgment vacating a Financial Industry Regulatory Authority ("FINRA") arbitration award in favor of Respondent/Appellant Morgan Keegan & Company, Inc. ("Morgan Keegan") on the ground of "evident partiality" pursuant to 9 U.S.C. § 10(a)(2) and Tennessee Code Annotated § 29-5-313(a)(1)(B). This dispute commenced in March 2009, when Petitioner/Appellee Maury Bronstein, IRA ("Mr. Bronstein") initiated an arbitration claim against Morgan Keegan with respect to losses that he incurred on investment in the RMK Advantage Income Fund, Inc., and the RMK Select Intermediate Bond Fund (collectively, "the RMK Funds") sold by Morgan Keegan. Mr. Bronstein asserted causes of action for 1) misrepresentation and omissions; 2) breach of

fiduciary duty; 3) unsuitable investments; 4) negligence; 5) failure of supervision; 6) breach of contract; 7) vicarious liability; 8) violation of FINRA rules; and 9) violation of the Securities and Exchange Act. The matter was heard by a three-member FINRA arbitration panel comprised of Mary E. Woytek (Ms. Woytek), public arbitrator and chairperson, Dineo Coleman Gary (Mr. Gary), public arbitrator, and James A. Blalock, III (Mr. Blalock), non-public arbitrator. The panel found Morgan Keegan not liable and denied Mr. Bronstein's claim in its entirety.

In August 2010, Mr. Bronstein filed a petition in the Chancery Court for Shelby County to vacate the arbitration award and remand the matter for a new hearing before a different arbitration panel. Mr. Bronstein asserted "corruption, fraud and undue means" by Morgan Keegan in the discovery process and bias and "evident partiality" on the part of Mr. Blalock as grounds to vacate the award. Morgan Keegan answered in September 2010, denying Mr. Bronstein's allegations and asserting that the arbitration hearing was "full and fair." Morgan Keegan also asserted the affirmative defenses of failure to state a claim; estoppel, waiver and laches; and the failure of Mr. Bronstein and his counsel to exercise due diligence during the course of the arbitration proceeding.

In April 2011, Morgan Keegan filed a cross motion to confirm the arbitration award. Morgan Keegan also filed a memorandum in opposition to Mr. Bronstein's petition to vacate in April 2011. In its memorandum, Morgan Keegan asserted that the arbitrator disclosure report completed by Mr. Blalock and attached to Morgan Keegan's memorandum put Mr. Bronstein on notice of any potential bias. Morgan Keegan asserted that Mr. Bronstein waived any objection to perceived bias based on Mr. Blalock's background or statements allegedly made during the course of the proceedings where Mr. Bronstein failed to object during the course of the arbitration process. Morgan Keegan asserted that Mr. Bronstein had not introduced any evidence of bias or lack of preparation, and that his assertions were speculative and conclusory.

Following a hearing on April 27, 2011, the trial court determined that "a reasonable person would have to conclude" that Mr. Blalock was evidently partial against Mr. Bronstein.[1] The trial court vacated the arbitration award in favor of Morgan Keegan and

_____

[1]The portion of the transcript of the April 2011 hearing attached by the trial court to its May 2011 judgment reflects that the trial court found no corruption, fraud or undue means in the discovery process. It vacated the arbitration award and ordered the parties to re-arbitrate the matter before a different panel. As discussed herein, the supreme court has determined that we have jurisdiction to adjudicate this appeal under Tennessee Code Annotated § 29-5-319(a)(3). (Although the trial court in this case found Morgan Keegan's cross-motion to confirm the arbitration award to be "moot" where it vacated the award, and did not specifically deny it, under the supreme court's reasoning in *Morgan Keegan & Co, Inc. v. Smythe*, 401

(continued...)

ordered the parties to participate in a new FINRA arbitration before a different and impartial panel. The trial court concluded that Morgan Keegan's motion to confirm the arbitration award accordingly was "moot." The trial court entered final judgment in the matter on May 6, 2011, and Morgan Keegan filed a notice of appeal to this Court on June 6, 2011.

On August 12, 2011, we entered an order directing Morgan Keegan to show cause why this matter should not be dismissed for failure to appeal a final judgment where the trial court's order did not appear to be final and where it did not appear to be within the scope of Tennessee Code Annotated § 29-5-319(a)(5), which permits appeal of "[a]n order vacating an award without directing a re-hearing[.]" By order entered July 30, 2012, we ordered the matter held in abeyance pending disposition of similar jurisdictional issues by the Tennessee Supreme Court in *Morgan Keegan and Company, Inc. v. William Hamilton Smythe, III, et al*, W2010-01339-SC-R11-CV. In *Smythe*, the supreme court determined that a trial court's order vacating an arbitration award and directing a re-hearing necessarily results in an implicit denial of confirmation of an award, notwithstanding the absence of a motion to confirm the award. *Morgan Keegan & Co., Inc. v. Smythe*, 401 S.W.3d 595, 608 (Tenn. 2013). Accordingly, although we do not have jurisdiction to adjudicate this appeal under section 29-5-319(a)(5), pursuant to *Smythe*, we have jurisdiction to adjudicate this appeal pursuant to 29-5-319(a)(3).[2] Oral argument was heard in this matter in January 2014.

### *Issues Presented*

Morgan Keegan presents the following issues for our review, as presented by Morgan Keegan:

(1)     Whether the Chancery Court improperly found that an arbitrator was biased, when the challenge to that arbitrator had been waived by the claimant, Maury Bronstein[.]

---

[1](...continued)
S.W.3d 595 (Tenn. 2013), we perceive the trial court's judgment to result in a implicit denial of Morgan Keegan's motion. We accordingly assume jurisdiction under section 29-5-319(a)(3).)

[2]We observe that the trial court in this case determined that Morgan Keegan's motion to confirm the arbitration award was moot. In light of the reasoning of the supreme court in *Smythe* that "[a]n order that vacates an arbitration award and orders a second arbitration is an order 'denying confirmation of an award' for the purposes of Tenn. Code Ann. § 29-5-301(a)(3), regardless of whether the party opposing the petition to vacate the award filed a separate cross-petition for confirmation under Tenn. Code Ann. § 29-5-312 or whether the trial court has expressly denied confirmation in its written order[,]" we are satisfied that we have jurisdiction over this appeal notwithstanding the trial court's disinclination to specifically deny Morgan Keegan's cross-motion to confirm the arbitration award.

(2) Whether the Chancery Court's decision to vacate the arbitration award was improper because Bronstein failed to present any evidence in support of his request for vacatur[.]

(3) Whether the Chancery Court, in vacating a FINRA arbitration award, improperly applied the standard of review for vacatur in incorrectly determining that one [of] the FINRA arbitrators was evidently partial[.]

### *Standard of Review*

It is well-settled that "courts should play only a limited role in reviewing the decisions of arbitrators." *Arnold v. Morgan Keegan & Co.*, 914 S.W.2d 445, 448 (Tenn. 1996) (citing *United Paperworkers Int'l Union, AFL-CIA v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 369 (1987)). Accordingly, courts will set-aside arbitrators' determinations "'only in very unusual circumstances.'" *Id.* (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942, 115 S.Ct. 1920, 1923 (1995)). "'[T]he standard for judicial review of arbitration procedures is merely whether a party to arbitration has been denied a fundamentally fair hearing.'" *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 625 (6th Cir 2002) (quoting *National Post Office v. U.S. Postal Serv.*, 751 F.2d 834, 841 (6th Cir. 1985)). The courts have long noted that judicial review of an arbitration decision is "'one of the narrowest standards of judicial review in all of American jurisprudence.'" *Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 305 (6th Cir. 2008) (quoting *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) (quoting *Lattimer–Stevens Co. v. United Steelworkers*, 913 F.2d 1166, 1169 (6th Cir.1990))). Accordingly, we review a trial court's findings of fact in an arbitration case under a "clearly erroneous standard." *Williams Holding Co. v. Willis*, 166 S.W.3d 707, 710 (Tenn. 2005). We review questions of law *de novo*, however, with no presumption of correctness. *Pugh's Lawn Landscape Co, Inc. v. Jaycon Dev. Corp.*, 320 S.W.3d 252, 258 n.4 (Tenn. 2010).[3]

### *Discussion*

We begin our discussion with Morgan Keegan's assertion in its brief that the trial court erred in vacating the arbitration award in this case "because Mr. Bronstein failed to present any evidence in support of his request for vacatur." Morgan Keegan asserts that Mr. Bronstein introduced no evidence in the trial court, and that the hearing of this matter consisted entirely of statements by counsel. Morgan Keegan further asserts that Mr.

---

[3]Clarifying previous Opinions stating that questions of law in arbitration cases should be reviewed "with the utmost caution, and in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution."

Bronstein did not file the FINRA arbitration record in the trial court until June 24, 2011, more than one month after the trial court entered its order vacating the arbitrators' decision on May 6, 2011, and that the parties did not stipulate to the facts or to trying the matter on statements of counsel. Morgan Keegan asserts that Mr. Bronstein failed to carry his burden of proof to demonstrate grounds for vacatur where he failed to introduce either the official audio recording of the arbitration proceedings or a transcript thereof until after the matter was adjudicated by the trial court.

Both the Federal Arbitration Act ("FAA") and the Tennessee Uniform Arbitration Act ("TUAA") permit the courts to vacate an arbitration decision on the basis of evident partiality or corruption in any of the arbitrators. 9 U.S.C. § 10(a)(2); Tenn. Code Ann. § 29-5-313(a)(1)(B)(2012).[4] When considering assertions of evident partiality for the purposes of the FAA, the Sixth Circuit has held that the party challenging the arbitrators' decision "'must show that 'a reasonable person would have to conclude that an arbitrator was partial' to the other party to the arbitration.'" *Uhl*, 512 F.3d at 306 (quoting *Apperson v. Fleet Carrier Corp.*, 879 F.2d 1344, 1358 (6th Cir.1989) (quoting *Morelite Constr. Corp. v. New York City Dist. Council Carpenters Benefit Funds*, 748 F.2d 79, 84 (2d Cir.1984)), *cert. denied*, 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 533 (1990); *see also Nationwide IV*, 429 F.3d at 645; *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 626 (6th Cir.2002) ("*Nationwide II*")). The challenging party carries the burden to ""establish specific facts that indicate improper motives on the part of the arbitrator."" *Id.* (quoting *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 329 (6th Cir. 1998) (internal quotation marks omitted) (quoting *Consolidated Coal Co. v. Local 1643, United Mine Workers*, 48 F.3d 125, 129 (4th Cir.1995))). "'The alleged partiality must be direct, definite, and capable of demonstration,'" *Nationwide v. Home*, 278 F.3d at 626 (quoting *Andersons*, 166 F.3d at 329), and "'an amorphous institutional predisposition toward the other side'" is not sufficient "'because that would simply be the appearance-of-bias standard that [the Sixth Circuit] [has] previously rejected.'" *Uhl*, 512 F.3d at 307 (quoting *Consolidated Coal*, 48 F.3d at 129). As in *Uhl*, the question before this Court is whether the party challenging the arbitrators' decision has carried its heavy burden to establish "'specific facts that indicate improper motives on the part of the arbitrator.'" *Id.* (quoting *id*.)

In the Statement of Facts section of his brief, Mr. Bronstein cites to his complaint, to the transcript of the April 2011 hearing before the trial court, and to two volumes of the transcript of the 2010 arbitration proceedings. As Morgan Keegan asserts, however, we observe that the hearing before the trial court consisted entirely of argument of counsel.

---

[4]Unlike the permissive provision of the FAA, the TUAA provides that the reviewing court "shall" vacate an arbitration award where there was evident partiality by an arbitrator. Tenn. Code Ann. § 29-5-313; *Pugh's Lawn Landscape Co., Inc. v. Jaycon Dev. Corp.*, 320 S.W.3d 252, 259 (Tenn. 2010).

Although the trial court specifically asked whether it was "to make its decision . . . based on Counsel's statements or [whether there was] going to be some evidence or some testimony or some exhibits or something introduced[,]" we find nothing in the record to demonstrate that the parties stipulated that the matter was to be tried on statements of counsel.

The trial court entered final judgment in the matter on May 6, 2011. In its May order, the trial court stated that its judgment in favor of Mr. Bronstein was based "upon statements of counsels in open court, the briefs of the parties and upon the entire record herein[.]" The trial court "attached," but did not formally incorporate by reference, a portion of the transcript of the April 2011 hearing wherein the trial court stated:

> [I]t does appear that considering the record as a whole and the comments that were made by Mr. Blaylock [sic] during the proceedings and where Morgan Keegan in other cases have expressed concern about the neutrality of arbitrators and the need for an absence of partiality or bias being displayed, it does appear comments made by Mr. Blaylock [sic] could have been interpreted as being based upon evidence and information which was not presented before him during the hearing.

The trial court continued:

> And since it's necessary that these awards be the result of an unbiased and neutral decision-maker, the [c]ourt is going to reverse the award and remand if for a new arbitration hearing based on existence of what could be reasonably interpreted as impartiality or partiality displayed by the Arbitrator Blaylock [sic].

The trial court made no specific findings with respect to statements it determined demonstrated evident partiality on the part of Mr. Blalock, however. Additionally, as Morgan Keegan asserts, the record transmitted to this Court indicates that Mr. Bronstein did not file the transcript of the arbitration proceedings or relevant depositions or excerpts of testimony in the trial court until June 24, 2011, more than one month after the trial court entered final judgment.

In his brief to this Court, Mr. Bronstein asserts that the trial court "did not base its ruling on 'no evidence[,]'" and that the ruling "is supported by the record [that was] before it[.]" Mr. Bronstein does not address Morgan Keegan's assertion that the trial court entered judgment in the matter before the transcript of the arbitration proceedings was filed, however, or its assertion that Mr. Bronstein relied only on allegations asserted in the pleadings and statements of counsel.

It is well-settled that "mere statements of counsel are not evidence or a substitute for testimony." *Metropolitan Gov't of Nashville and Davidson County v. Shacklett*, 554 S.W.2d 601, 605 (Tenn. 1977). Neither the allegations contained in pleadings nor the recitations of facts contained in a party's briefs nor statements of counsel constitute evidence. *Greer v. City of Memphis*, 356 S.W.3d 917, 923 (Tenn. Ct. App. 2010). Upon review of the record, it appears that the trial court based its judgment merely upon the pleadings and arguments of counsel.[5] It further appears that Mr. Bronstein filed the arbitration transcript after Morgan Keegan perfected its notice of appeal on June 6, 2011. Generally, a properly perfected notice of appeal removes jurisdiction from the trial court and vests jurisdiction in the appellate court.[6] Accordingly, Mr. Bronstein failed to carry his high burden of proof to introduce evidence establishing specific facts indicating improper motives and evident partiality that is "direct, definite and capable of demonstration" where he introduced nothing other than allegations asserted in pleadings and statements of counsel while this matter was pending before the trial court.

## *Holding*

In light of the foregoing, the trial court's judgment vacating the arbitration award and ordering the parties to re-arbitrate this matter before a different FINRA panel is reversed. We accordingly reverse the trial court's judgment finding Morgan Keegan's motion to confirm the arbitration award to be moot. We find it unnecessary to address Morgan Keegan's assertion that the trial court failed to apply the appropriate standard of review of the arbitration award in light of this holding.

With respect to Morgan Keegan's assertion that Mr. Bronstein waived objections based on evident partiality where he failed to raise the matter before the FINRA director, we note that neither this defense nor other affirmative defenses asserted by Morgan Keegan were adjudicated by the trial court. Further, we observe that no evidence of waiver was introduced in the trial court where neither party filed the transcript of the arbitration proceeding. As noted above, the trial court appears to have based its judgment entirely on the pleadings and arguments of counsel. We decline to address the issue of waiver where 1) it was not

---

[5]The record does not contain a stipulation of facts or, as noted, an agreement to try the matter on the pleadings and argument of counsel.

[6]A trial court retains jurisdiction to hear motions specified by Tennessee Rule of Civil Procedure 59.01 and motions for discretionary costs as provided by Tennessee Rule of Civil Procedure 54.04. A prematurely filed notice of appeal, moreover, does not divest the trial court of jurisdiction over unadjudicated claims. See Tenn. R. App. P. 4(b); Tenn. R. App. P. 4(d); Tenn. R. App. P. 4(e).

adjudicated by the trial court and 2) it is unnecessary in light of our holding here. We note, however, that although we have jurisdiction to adjudicate this appeal under *Morgan Keegan v. Smythe*, we do not perceive *Smythe* to stand for the proposition that petitions asserting multiple grounds to set-aside an arbitration award, and defenses thereto, may be serially litigated and appealed. Such serial litigation would be a considerable misuse of judicial resources and the time and resources of the parties. *See Morgan Keegan v. Smythe*, 401 S.W.3d 595, 610 (Tenn. 2013) (noting "the interests of 'speed, simplicity, and economy'" advanced by the arbitration process, and seeking to avoid the loss of time and resources resulting from "do-over" proceedings.); *White v. Empire Express, Inc.*, No. W2010–02380–COA–R3–CV, 2011 WL 6182091, at *7 n. 14 (Tenn. Ct. App. Dec. 13, 2011) (noting, with respect to the appealability of an order compelling arbitration under the FAA, "We are mindful that, under the Federal Arbitration Act, an order compelling arbitration and dismissing all of the claims before it is considered to be a final, appealable order." *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 88–89 (2000)). Nevertheless, even if the FAA were applicable to the underlying contract, the state law on appealability governs this procedural issue. *Morgan Keegan & Co. v. Smythe*, No. W2010–01339–COA–R3–CV, 2011 WL 5517036 (Tenn. Ct. App. Nov. 14, 2011).[7] Even under federal jurisprudence, however, it appears that the rule on appealability applies only when the trial court has dismissed all of the claims before it and leaves nothing for the trial court to decide. When some claims are arbitrable but others are not, an order dismissing and compelling arbitration of the arbitrable claims only is not a final, appealable order. *See In re Hops Antitrust Litigation*, 832 F.2d 470, 473–74 (8th Cir.1987); *see Green Tree*, 531 U.S. at 88–89. Therefore, the trial court's decision would not be considered to be final and appealable even under federal law.

This matter is remanded to the trial court for confirmation of the arbitration award. Costs on appeal are taxed to the appellee, Maury Bronstein, IRA.

_____
DAVID R. FARMER, JUDGE

---

[7]Reversed on other grounds by *Morgan Keegan v. Smythe*, 401 S.W.3d 595 (Tenn. 2013). We observe that the *Smythe* court did not address whether the trial court in that case had adjudicated all the grounds asserted by Petitioner Morgan Keegan as justifying vacatur of the arbitration award in that case.