IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 8, 2015 Session

## ALEX FRIEDMANN, ET AL. v. MARSHALL COUNTY, TN, ET AL.

**Direct Appeal from the Chancery Court for Marshall County**
**No. 17017     J.B. Cox, Chancellor**

---

**No. M2014-01413-COA-R3-CV – Filed June 24, 2015**

---

BRANDON O. GIBSON, J., concurring.

I concur with the majority Opinion's ruling, but I write separately to address only the attorneys' fee issue. Over the years, two schools of thought apparently developed regarding the "willfulness" standard under the Public Records Act attorneys' fee provision. Tenn. Code Ann. § 10-7-505(g). One school of thought adopted the Black's Law Dictionary definition of bad faith, which includes phrases like "the conscious doing of a wrong," "dishonest purpose," and "moral obliquity." *See Capital Case Res. Ctr. of Tenn., Inc. v. Woodall*, No. 01-A01-9104-CH-00150, 1992 WL 12217, at *8 (Tenn. Ct. App. Jan. 29, 1992) (*no. perm. app. filed*) (holding that Section 10-7-505(g)'s "knowing and willful" standard is synonymous with "bad faith," without defining "bad faith"); *Contemporary Media v. City of Memphis*, No. 02A01-9807-CH-00211, 1999 WL 292264, at *4-5 (Tenn. Ct. App. May 11, 1999)[1] (citing *Capital Case Res. Ctr.* but defining "bad faith" by quoting the Black's Law Dictionary definition of the term); *Arnold v. City of Chattanooga*, 19 S.W.3d 779, 789 (Tenn. Ct. App. 1999).

The other school of thought equated "willfulness" with a lack of Tennessee Rule of Civil Procedure 11 "good faith." *See Combined Commc'ns, Inc. v. Solid Waste Region Bd.*, No. 01A01-9310-CH-00441, 1994 WL 123831, at *3 (Tenn. Ct. App. Apr. 13, 1994) (explaining that Tenn. Code Ann. § 10-7-505(g) "does not apply where a governmental entity's unsuccessful attempt to protect a public record from disclosure is 'warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.'"); *Tennessean v. City of Lebanon*, No. M2001-02078-COA-R3-CV, 2004 WL 290705, at *9, fn. 9 (Tenn. Ct. App. Feb. 13, 2004) (opining that inserting an element of "fraud, sinister motive, dishonest purpose, ill will, or similar intent" is inconsistent with the Public Records Act or the purpose of the attorney fee provision).

---

[1]This case was appealed to the Tennessee Supreme Court and certiorari was granted. Before the case was heard by the supreme court, however, the parties agreed to dismiss the case. An order dismissing the appeal was entered on January 14, 2000.

When the Tennessee Supreme Court considered attorneys' fees in *Schneider v. City of Jackson*, 226 S.W.3d 332 (Tenn. 2007), it said:

> The element of "willfully" required by this statute has been described as synonymous to a bad faith requirement. *Arnold*, 19 S.W.3d at 789. Stated differently, the Public Records Act does not authorize a recovery of attorneys' fees if the withholding governmental entity acts with a good faith belief that the records are excepted from the disclosure. *Id*. Moreover, in assessing willfulness, Tennessee courts must not impute to a governmental entity the "duty to foretell an uncertain juridical future." *Memphis Publ'g Co. v. City of Memphis*, 871 S.W.3d [681, 689 (Tenn. 1994)].

*Schneider*, 226 S.W.3d at 346. In my view, additional confusion arises regarding the appropriate standard because the supreme court relied on *Arnold*, which adopted the Black's Law Dictionary definition of "bad faith," but the court also stated that attorneys' fees are inappropriate if the governmental entity "acts with a good faith belief that the records are excepted from [] disclosure." However, I agree with the majority that the appropriate standard for "willfulness" under the Public Records Act is an absence of a "good faith belief that the records are excepted from [] disclosure." *Schneider*, 226 S.W.3d at 346. This standard is considerably lower than the Black's Law Dictionary definition of "bad faith."

Since *Schneider*, at least two opinions of this Court have indicated that the Black's Law Dictionary definition of "bad faith" applies. As the majority points out, in *Little v. City of Chattanooga*, No. E2011-02724-COA-R3-CV, 2012 WL 4358174, (Tenn. Ct. App. Sept. 25, 2102), *perm. app. denied* (Tenn. Feb. 12, 2013), the eastern section of the court of appeals held that attorneys' fees were appropriate because "the City acted consciously to withhold the records with a dishonest purpose" and therefore tracked the Black's Law Dictionary definition of "bad faith." *Little*, 2012 WL 4358174, at *15. The western section, in *Greer v. City of Memphis*, 356 S.W.3d 917 (Tenn. Ct. App. 2010), said "the finding that a municipality willfully withheld public documents requires *evidence* that the withholding entity acted consciously in furtherance of a dishonest purpose or moral obliquity," and therefore also tracked the Black's Law Dictionary definition of "bad faith." *Id.* at 923, (citing *Arnold*, 19 S.W.3d at 789). However, the *Greer* court did not actually apply the "willfulness" standard it articulated, as it determined that the trial court failed to make a specific finding of willfulness, and the parties presented no evidence whatsoever at the hearing and instead relied solely on the arguments of counsel.

This case presents an interesting question regarding the "willfulness" standard

under the Public Records Act attorney fee provision. The trial court noted that neither party disputed that the records Mr. Friedmann sought were subject to disclosure. Rather, the parties disagreed on *how* those records were to be disclosed. The trial court found that the Sheriff's "reliance upon his counsel's advice and his willingness to produce the records upon personal appearance show the Court that he was not willfully denying Mr. Friedmann his access to the records." I do not believe the Sheriff's actions amount to "fraud [or] … the conscious doing of a wrong because of dishonest purpose or moral obliquity." *Contemporary Media, Inc.*, 1999 WL 292264, at *4 (quoting Black's Law Dictionary 127 (5th ed. 1979). However, the Sheriff did act "willfully" because he failed to heed the direction of the Open Records counsel and his position was "not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Tennessean*, 2004 WL 290705, at *9, fn. 9.

For the foregoing reasons, I concur in the majority opinion. Clarity and consistency in the application of the Tennessee Public Records Act's "willfulness" standard is much needed.

_____
BRANDON O. GIBSON, JUDGE