IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2020

## STATE OF TENNESSEE EX REL. RACHEL BETH GRAY V. ALLAN VINCENT DAUGHERTY, JR.

**Appeal from the Circuit Court for Rutherford County**
**No. 57095     Darrell Scarlett, Judge**

_____

### No. M2020-00081-COA-R3-CV

_____

This is an appeal of a judgment entered against Father for child support arrearage. The State of Tennessee, on behalf of Mother, sought a modification of the judgment against Father under Rule 60.02 of the Tennessee Rules of Civil Procedure due to an alleged erroneous calculation of child support owed by Father. The trial court granted the State's motion, increasing the amount of the arrearage judgment owed by Father. For the reasons stated herein, we reverse the trial court's order granting the State relief under Rule 60.02.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and W. NEAL MCBRAYER, JJ., joined.

Drew Justice, Murfreesboro, Tennessee, for the appellant, Allan Vincent Daugherty.

Herbert H. Slattery, III, Attorney General and Reporter; Jordan K. Crews, Assistant Attorney General, for the appellee, State of Tennessee Civil.

### OPINION

#### BACKGROUND AND PROCEDURAL HISTORY

Allan Vincent Daugherty, Jr. ("Father") and Rachel Beth Haynes ("Mother") were divorced in 2008, and Father was ordered to pay child support for his three children. Over the years, the Rutherford County Circuit Court ("the trial court") had entered numerous child support arrearage judgments against Father. The State appeared *ex relatione*[1] in this

---

[1] Otherwise referred to as "ex rel.," *ex relatione* refers to a suit "typically brought by the government upon application of a private party (called a *relator*) who is interested in the matter." *See State ex rel.*

proceeding in order to enforce the child support orders against Father.

On December 12, 2018, the Rutherford County Circuit Court Magistrate awarded a judgment in favor of Mother and against Father in the amount of $3,615.14 for child support arrearage owed as of November 30, 2018. The Magistrate's judgment was thereafter adopted and confirmed by the trial court in an order dated December 20, 2018.

On June 18, 2019, the State filed a motion to alter or amend the trial court's December 2018 judgment, pursuant to Rule 60.01 of the Tennessee Rules of Civil Procedure.[2] Specifically, the State argued that the amount of $3,615.14 awarded in the original judgment "was based on an erroneous calculation by the Child Support Office" and resulted in crediting Father for payments made by a different noncustodial parent in a separate child support case. The State attached various documents to its motion related to the erroneous calculation and asked the trial court to amend its December 2018 judgment to reflect the correct amount owed by Father of $9,815.79 rather than the previously awarded amount of $3,615.14. Father filed a response and objected to the State's motion, specifically arguing that it was untimely and lacked "facts or particular arguments," among other things.

On November 12, 2019, the State filed an amended motion to alter or amend or, in the alternative, relief pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.[3] A hearing on the State's amended motion was held on November 18, 2019. At the hearing, the State argued that Father was erroneously given credit for a payment made by another noncustodial parent in a separate child support action involving Mother. Specifically, the State argued that Member ID and Case ID numbers listed in the record matched a different individual's case and child support obligation, not that of Father's. Following the State's opening argument, the trial court asked Father's counsel if Father disputed the supposedly corrected amount to which Father's counsel responded that he "was not sure" and argued that relief pursuant to Rule 60.02 was not appropriate. After a brief discussion between Father and his counsel, Father's counsel advised the trial court that he did not "wish to make any specific proffer for [Father] about anything. So, Your Honor can just make your ruling." The State, however, never put on any evidence at the hearing in support of its

---

*Landenberger v. Project Return, Inc.*, No. M2007-02859-COA-R3-CV, 2009 WL 637122, at *10 n.1 (Tenn. Ct. App. Mar. 11, 2009) (quoting Black's Law Dictionary 621 (801 ed. 2004)).

[2] Rule 60.01 provides for the correction by the trial court or upon motion of any party of "[c]lerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions."

[3] While Rule 60.01 "deals solely with the correction of errors that properly may be described as clerical or arising from oversight or omission, …., "[e]rrors of a more substantive nature may only be corrected by a motion under [Rule 60.02]." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2854 (3d ed). Effectively, a Rule 60.01 motion may only "make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced." *Id*.

motion.

The trial court entered an order dated December 16, 2019, granting the State's motion and amended the prior judgment to reflect an increased judgment for child support arrearage against Father in the amount of $9,815.79. Father filed a timely notice of appeal.

## ISSUE PRESENTED

Father presents a single issue for appeal: Whether the trial court erred in granting the State's Rule 60.02 motion to alter or amend the child support arrearage judgment entered against Father.

## STANDARD OF REVIEW

Under Rule 60.02, a court may relieve a party from a final judgment, order or proceeding upon a showing of: "(1) mistake, inadvertence, surprise or excusable neglect; (2) fraud …, misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, …; or (5) any other reason justifying relief from the operation of the judgment." Tenn. R. Civ. P. 60.02. A Rule 60.02 motion must be brought within a "reasonable time" unless brought under reasons (1) or (2), in which case such motion should be brought no more than one year after the judgment, order, or proceeding was entered. *Id*.

The decision whether to afford a party relief from a final judgment is at the "sound discretion of the trial judge." *J&B Investments, LLC v. Surti*, 258 S.W.3d 127, 132 (Tenn. Ct. App. 2007). This Court reviews a trial court's decision whether to grant or deny a party's Rule 60.02 motion using an abuse of discretion standard. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). A trial court abuses its discretion when it "applies an incorrect legal standard or reaches a conclusion that is 'illogical or unreasonable and causes an injustice to the party complaining.'" *State v. Hawkins*, 519 S.W.3d 1, 40 (Tenn. 2017) (quoting *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007) (internal citations omitted)).

Generally, Rule 60.02 aims "to alleviate the effect of an oppressive or onerous final judgment." *Hussey v. Woods*, 538 S.W.3d 476, 482 (Tenn. 2017) (quoting *Black v. Black*, 166 S.W.3d 699, 703 (Tenn. 2005)). In order to obtain relief under Rule 60.02, the moving party "must describe the basis of relief with specificity," *Id*. at 483 (quoting *Minor Miracle Prods., LLC v. Starkey*, No. M2011-00072-COA-R3-CV, 2012 WL 112593, at *7 (Tenn. Ct. App. Jan. 12, 2012) (internal citation omitted)), and establish that they are entitled to relief by clear and convincing evidence. *Id*. (citing *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997)). Evidence is considered clear and convincing when it leaves "no serious or substantial doubt about the correctness of the conclusions drawn." *Id*. (quoting *Goff v. Elmo Greer & Sons Constr. Co.*, 297

S.W.3d 175, 187 (Tenn. 2009) (internal citation omitted)). The burden of proof lies on the party seeking relief under Rule 60.02, and the bar to such relief "is set very high." *DeLong v. Vanderbilt*, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005).

## DISCUSSION

Father argues that the trial court abused its discretion by granting the State relief from the December 12, 2018 judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure. Specifically, Father asserts that the State's motion was "unsupported, untimely, and unproven." As explained below, we agree with Father's contention that the State's motion was not properly proven.

As noted earlier, the State filed its Rule 60.02 motion asking for relief from a prior judgment due to what it asserted was an "erroneous calculation" by the Child Support Office. Attached to the motion were copies of various payment summaries and child support worksheets, among other documents, purporting to show how the error occurred as well as the alleged correct arrearage amount owed by Father. At the hearing, however, the State offered no proof in support of its motion but only argued to the trial court the explanation proffered in its Rule 60.02 motion. Following the State's argument, the trial court simply asked Father whether he disputed the amount of child support arrearage instead of requesting that the State put on its evidence.

It is well settled that "[a]llegations in the pleadings are not, of course, evidence of the facts averred. Unless such facts are admitted or stipulated, they must be proved by documents, affidavits, oral testimony or other competent evidence." *Hillhaven Corp. v. State ex rel. Manor Care, Inc.*, 565 S.W.2d 210, 212 (Tenn. 1978); *see also Greer v. City of Memphis*, 356 S.W.3d 917, 923 (Tenn. Ct. App. 2010). "[T]he same is true of statements made by counsel during the course of a hearing, trial, or argument." *Greer*, 356 S.W.3d at 923 (citing *Trotter v. State*, 508 S.W.2d 808, 809 (Tenn. Crim. App. 1974)). Specifically, and most relevant here, "[m]erely attaching a document to a pleading does not place that document in evidence." *Pinney v. Tarpley*, 686 S.W.2d 574, 579 (Tenn. Ct. App. 1984).

While the State attached numerous documents to its Rule 60.02 motion in an effort to demonstrate the alleged erroneous calculation of Father's child support arrearage, it never laid the foundation for such evidence nor did it introduce any evidence at the hearing in support of its motion. No affidavits were offered in connection with its submissions, and no witnesses offered any testimony. The mere attachment of purportedly legitimate documentation to a pleading is not sufficient. *See id*. at 579; *see also Hillhaven Corp.*, 565 S.W.2d at 212. Although it appears the State was prepared to put on evidence, as indicated by its statement through counsel that it "*would* present evidence to show [that the motion is proper,]" (emphasis added) for whatever reason it did not do so. As noted earlier, a party must demonstrate that it is entitled to relief upon a showing of clear and convincing evidence. *Hussey*, 538 S.W.3d at 483. Here, the State's counsel's reliance on its motion

- 4 -

and the documents attached, without offering any evidence, is not sufficient to show that there exists "no serious or substantial doubt about the correctness of the conclusions drawn." *Id*. (quoting *Goff*, 297 S.W.3d at 187). Because the State failed to put on evidence at the hearing, it failed to meet its burden of proof much less the high burden of "clear and convincing evidence" required of it pursuant to Rule 60.02 and, as a result, we conclude that the trial court abused its discretion in granting the Rule 60.02 motion.

## CONCLUSION

Based on the foregoing, we reverse the trial court's order and reinstate the previous judgment.


_____
ARNOLD B. GOLDIN, JUDGE